## CORNING AND HORNER vs. McCULLOUGH.

**A** suit against a stockholder of a corporation to charge him individually with a debt contracted by it, pursuant to a provision in the act of incorporation, is not an "*action upon a statute, for a forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved*," and therefore is not barred by the three years limitation prescribed in the statute, (2 *R. S.* 298, § 31,) for actions of that class.

The period of six years is the only limitation provided for suits of this description.

Where the charter of an incorporated company provides that the stockholders shall be liable for its debts, and that a creditor may, after judgment obtained against the corporation, and execution returned unsatisfied, sue any stockholder and recover his demand, such stockholders are liable in an orignal and primary sense, like partners or members of an unincorporated association, and their liability is not *created* by the statute of incorporation.

It seems that the short statute of limitations above referred to is intended only to embrace penalties and forfeitures, properly so called, and other causes of action penal in their nature, and where both the cause of action and the remedy are given by statute; but does not extend to cases where the action is partly given by the common law and partly by statute.

DEMURRER to plea. Corning and Horner sued McCullough in .assumpsit under the provisions of the act incorporating the Rossie Galena Company. (*Stat. of* 1837, *p.* 445.) The 9th section of that act provides, that the stockholders of the corporation shall be jointly and severally personally liable for the payment of all debts and demands contracted by the corporation, and that any person having any demand against such corporation, may sue any stockholder or director in any Court having cognizance thereof, and recover the same with costs. The 10th section provides, that before any such suit shall be commenced judgment shall have been obtained against the corporation, and execution issued thereon, and returned unsatisfied, or that the corporation shall have been dissolved. The declaration contained the necessary averments to charge the defendant as a stockholder, personally, with a debt contracted for goods sold by the plaintiffs to the company. The defendant pleaded that the cause of action did not accrue within three years next before the commencement of the suit. To this plea the plaintiffs demurred, and the defendant joined

in demurrer. The Supreme Court held the plea a good bar under 2 R. S. 298, § 31, for the reasons assigned in the case of Freeland and others vs. McCullough, (1 *Denio* 414,) and gave judgment for the defendant. The plaintiffs bring error.

*N. Hill, Jr. and D. Burwell*, for plaintiffs in error.

*J. Van Buren*, for defendant in error.

*Points for plaintiffs in error:*

I. The Supreme Court erred in assuming that the action in this case was founded upon the act incorporating the Rossie Galena Company, and not upon a *common law liability*, and that it was therefore an action *upon a statute*, within the meaning of 2 *R. S.* 297, 8, § 31.

1. Independently of the act of incorporation, the members of the company would be liable for its debts as partners, at common law. (*Collyer on Partn.* 614, 626, 635, 651, 653.)

2. The legislature, in incorporating the company, expressly refused to exempt them from their common law liability as partners. The charter virtually holds this language to the members: "You may have a corporate capacity for the convenience of transacting business, and the facility of transferring your respective interests in the joint concern; but you shall *remain* liable to the creditors of the association in *the same manner*, substantially, as though you had *not been incorporated.*" (*Sess. Laws of* 1837, 445, 6, §§9, 10; 2 *Denio*, 119, 123, 4, *Harger vs. McCullough*; 2 *Hill*, 268, 269, 270, *Moss vs. Oakley*; 3 *Hill*, 188, 190, *Bailey vs. Bancker*; 26 *Wend.* 43, 51, 2, *Van Hook vs. Whitlock*; 20 *Wend.* 614, 617, *Ex parte Van Riper.*)

4. Even conceding that the action is founded partly on the act of incorporation, and partly on the common law, which we deny, still the case would not be within 2 *R. S.* 298, § 31. (7 *Paige* 380, 381, *Van Hook vs. Whitlock*, per *Walworth, Chancellor.*)

II. The Supreme Court have virtually decided in this case that all *statutory* remedies by action, except those which are given to the people, or a common informer, are embraced by 2 *R. S.* 298, § 31. This construction will extend the provision to various actions which were plainly not contemplated by the Legislature, and is therefore erroneous.

III. The provision in 2 *R. S.* 298, § 31, was intended to embrace only actions for *penalties* and *forfeitures*, properly so called, and other actions of the *like nature*.

1. The subject matter which the Legislature had in view, when they adopted the provisions in *Art. 3d*, of which the above section is a part, was actions for *penalties* and *forfeitures*. This they have expressly declared. (*See* 2 *R. S.* 291, 2, § 1, *Tit.* 1; 2 *R. S.* 295, *caption of Art.* 2; 2 *R. S.* 297, *caption of Art.* 3.)

2. The section was introduced mainly to provide for the case of a penalty or forfeiture given to the *party aggrieved*, which was not embraced by the preceding sections of *Art. 3d.* (*See* 2 *Greenl. Laws of N. Y.* 96; 4 *Mod.* 129; *Cro. Eliz.* 645; *Noy* 71; 3 *Leon.* 237.)

3. The word "*cause*" was substituted in this section for the word "*penalty*" used in the preceding ones, from a doubt whether a statute giving a sum of money or damages, both by way of *remedy* to the plaintiff, and *punishment* to the defendant, could rightly be called a "statute made, &c., for a *penalty;*" learned Judges having differed upon the question. (*Espinasse on Penal Actions, p.* 6 *to* 8; *Hardwick's Rep.* 390, 393, *Merrick vs. The Hundred, &c.;* 1 *Wilson's Rep.* 125, 6, *Williams vs. Middleton;* 2 *Term Rep.* 154; 8 *Johns. Rep.* 345; 14 *Johns. Rep.* 255; 3 *Toml. Law Dict.* 520.)

4. By using the word "cause" in the unlimited sense ascribed to it by the Supreme Court, the word "forfeiture" is rendered entirely inoperative. But the Legislature, having expressly declared that the subject matter intended to be provided for was actions for penalties and forfeitures, the word "*cause*," being general and of doubtful

7

import, is to be limited and applied accordingly. (1 *Blackst. Comm.* 60, 61; 1 *Plowden's Rep.* 203 *to* 206.)

5. Again, the word "*cause,*" being preceded by the word "*forfeiture,*" is to be understood as meaning something of the *like nature,* according to the maxim *noscitur a sociis.* Construed in this way the section will read : "All actions upon any statute made, or to be made, for any forfeiture or *like cause,*" &c. (*See Broom's Legal Max.* 294, 5; 5 *Barn. & Ald.* 164, *Phillips vs. Barber;* 4 *Term Rep.* 224, 227, *Evans vs. Stevens;* 2 *Moore* 491, 495, *Clark vs. Gaskarth;* 8 *Taunt.* 431, *S. C.*)

IV. The action is embraced by that part of the statute limiting the right of suing to six years. (2 *R. S.* 295, § 18.)

1. It is within the express terms of the 4th subdivision of the above section; being an action of "*assumpsit,* or *on the case,* founded on a *contract* or *liability,* express or *implied.*"

2. None of the reasons which induced the Legislature to prescribe a short period of limitation for *punitory* or *penal* actions, apply to this case. It is an action upon a demand for goods sold, and is entitled to as much favor as other actions of the same general character. (20 *Wend.* 614, *ex parte Van Riper.*)

3. If the Supreme Court are right, however, the action would be barred absolutely after *three* years, and the plaintiff would be entitled to none of the exceptions on account of disability, absence from the State, &c., which apply to other actions of *assumpsit,* and even of *tort.* (*See* 2 *R. S.* 296, 7, §§ 24, 26, 27; 2 *R. S.* 298, § 32.)

V. If it be doubtful, upon a view of the whole scheme of legislation on this subject, whether the *three* years limitation, or the *six,* is applicable to actions like the present, that construction should be adopted which will preserve the remedy the longest.

1. By the common law, a suitor had an *unlimited* time within which to sue, the maxim being that "a right never dies." (*Wilkinson on Lim.* 1, 2.)

2. The "statute of limitations, being in restraint of right, is to be construed strictly;" i. e. so as to *continue* and *preserve* the right, rather than to *abridge* or *destroy* it. (14 *Johns. Rep.* 480, *per Van Ness J.; 2 Bos. & Pull.* 546, 7; *per Heath J.*)

3. "The better construction of a statute is always to expound it as near the rules of the common law as may be." (11 *Mod. Rep.* 150, *Arthur vs. Bokenham;* 1 *Saund. Rep.* 240; 10 *Johns. Rep.* 579, 580.)

4. "Statutes are not presumed to alter the common law *further* or otherwise than is clearly expressed." (6 *Dane's Abr.* 589, *pl.* 20; 11 *Mod. Rep.* 150, *Arthur vs. Bokenham;* 10 *Johns. Rep.* 579, 580; *Bac. Abr. tit.* "*Statute*" (1) 4; *Ram. on Leg. Judgm.* 160.)

*Points for defendant in error:*

I. All actions upon any statute, for any cause, the benefit and suit whereof is limited to the party aggrieved, should be commenced within three years after the cause of action accrued. (2 *Rev. Stat. p.* 225, § 31, *new edition;* 1 *Rev. Laws, p.* 186, § 6.)

II. This action is brought upon the statute incorporating the Rossie Galena Company. (*Session Laws,* 1837, *p.* 445; *Bullard vs. Bell,* 1 *Mason's Rep. p.* 243; *Heacock vs. Sherman,* 14 *Wend.* 58.)

III. This action was not commenced within three years after the cause of action accrued. Therefore the plea of the statute of limitations of three years is good, and affords a bar to the recovery of the plaintiffs in this action. (*Van Hook vs. Whitlock,* 2 *Edw.* 304 · same case, 7 *Paige,* 373; same again, 26 *Wendell,* 43.)

JONES, J. delivered the opinion of the Court:

Corning and Horner, the plaintiffs in error, made a sale of merchandize to the Rossie Galena Company, wherein the defendant in error was a stockholder, and after obtaining a judgment against the Company for the amount thereof, and after

Corning *v.* McCullough.

an execution, issued on the said judgment, had been returned unsatisfied, brought this action against the defendant in error as being a stockholder and member of the Company, and personally liable for the debt. The defendant pleaded in bar of the action that the cause of action did not accrue to the plaintiffs within three years next before the commencement of the suit. To this plea the plaintiffs demurred, and the Supreme Court gave judgment against them. That judgment is now before this Court for review. The question is, whether the statute limitation of three years for the commencement of actions on statutes for a forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved, or to such party and the people of the State applies to this case, and bars the plaintiffs' action. The Revised Statutes contain a general provision limiting the time to six years within which actions of account, assumpsit, or on the case, founded on any contract or liability, express or implied, are to be commenced, as expressed in the 4th subdivision of section 18 of the 2d article of title 2d of the chapter entitled, " of actions and the times of commencing them," which the plaintiffs suppose to apply to this action. And those statutes also contain a special provision declaring that all actions upon any statute, made or to be made, for any forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved, or to such party and the people of this State, shall be commenced within three years after the offence committed, or the cause of action accrued, and not after, as expressed in section 31, in the 3d article of said title and chapter; and within this provision the defendant claims the present suit to come. To which of these classes does this action properly belong?

It was the manifest intention of the Legislature in framing the provisions of the statute for limiting the times for the commencement of actions, to seperate and distinguish actions on contract, and for causes founded on good and valuable considerations, from actions on statutes for forfeitures and causes in affinity with them, and to apply to the latter class shorter periods of limitation than to the former. In accordance with

this principle, and with intent to secure to all actions for causes on meritorious consideration, the benefit and privilege of the longest time of limitation, the 4th subdivision of the 18th section is conceived in the most comprehensive terms, extending to and embracing all actions on the case, founded on any contract or liability, express or implied; and to it this action, being on the case, for the price or value of merchandize sold and delivered by the plaintiffs to the Rossie Galena Company, of which the defendant was a stockholder, on the ground of his personal liability for the debt, must belong, unless the cause of action against the defendant was in fact created or accrued to the plaintiffs by the statutes for the incorporation of the Company, or the action itself is necessarily upon the statute. Was the debt contracted to these plaintiffs by the purchase of the merchandize sold to the Company, the debt of the corporate body exclusively? or is this suit against the defendant personally, for it, strictly and technically an action on the statute of incorporation?

The ground of the action is the individual liability of the defendant to pay for merchandize sold and delivered to a company of which he was at the time a member. If that Company had been a voluntary unincorporated association of individuals, using the name of the Rossie Galena Company in its operations, his liability for its engagements would have been clear, and his defence in point of form to an action against him solely for a debt of the Company, would have been the nonjoinder of his associates with him in the action. How has the act of incorporation in this case shielded the stockholders from that responsibility for the debts of the company, which, acting without it, they would have incurred? It is not a general unqualified incorporation of the company imparting to the stockholders and members composing it as a legal consequence an exemption from personal liability for the debts and engagements of the body corporate. It is a legislative grant of a special qualified corporate capacity, with adequate plenary powers for the purposes of its institution, but with the personal liability of the stockholders for the debts the company shall

contract, and the liabilities they shall incur. The statute, at the same time that it incorporates the company, and thereby enables them to contract debts in their corporate names, provides that the stockholders who compose the company, and for whose use and benefit purchases are made and debts contracted, in their corporate name shall, notwithstanding their incorporation, be jointly and severally personally liable for the payment of all debts or demands contracted by the company, and that any person having any demand against the corporation, may sue any stockholder, director or directors, in any Court having cognizance thereof, and recover the same with costs. The Legislature thus concurrently with the creation of the body corporate, and in the same statute which creates it, enacting and providing that it shall not possess the capacity nor have the legal effect and operation which an unqualified act of incorporation would possess and have of imparting to its stockholders irresponsibility for its debts, or of contracting debts in its corporate name on the responsibility of the corporation, solely and so as to exempt its stockholders from personal liability therefor. If then the incorporation of this company does not shield or exempt its corporators and members from individual responsibility for the debts and engagements of the company, but leaves them, under the common law liability, as partners or joint debtors for those debts and engagements, must it not follow that the defendant, McCullough, he being a stockholder in the Rossie Galena Company at the time the debt of that company to these plaintiffs was contracted, became, on the consummation of the contract by the delivery of the goods to the company, liable for the payment of the debt contracted thereby? The act of incorporation affording him no protection therefrom, and not only leaving him personally liable therefor, but in express terms recognizing and affirming such liability, what defence could he make to an action charging him as a partner or joint debtor on the contract of the company? The personal liability of the stockholders to creditors under this charter, for the debts of the company, is an element of the incorporation which wholly excludes all claim of

any stockholder to treat those debts as debts of the corporate body solely, which he did not contract and is not bound to pay. The stockholders all stand under this act of incorporation on the same ground, and under the same responsibility as respects creditors, as they would if unincorporated have stood. This liability the stockholders voluntarily assumed, and it could not have been misunderstood by them. It is fully and clearly expressed in the act of incorporation. The original stockholders, by their acceptance of the charter, and subsequent purchasers in becoming members, assented and agreed to the terms and conditions of the act of incorporation. The defendant in this suit, in common with the other stockholders, by his acceptance of the charter, agreed to its terms, and especially to that feature of it so strongly marked, of the individual liability of the stockholders equally with that of the corporate body for the debts of the company. It is a liability which every stockholder must be understood to assume and take upon himself and to be under to those who deal with the company. Dealers contract with the corporation on the faith of that security for the performance of the contract. The credit they give is given, and they trust, as well to the personal liability of the stockholders, as to the responsibility of the corporation, for the fulfilment of the engagement; and each stockholder incurs that liability to the creditor the moment the contract of such creditor with the company is consummated. When, therefore, the plaintiffs sold and delivered their merchandize to the company whereof the defendant was a stockholder, they acquired a right, of which nothing could divest them, to the liability of the defendant for the payment of the price of the goods; and the defendant incurred the obligation to answer and pay the debt thus contracted. The creditors were, it is true, required by the 10th section of the act of incorporation first to obtain judgment against the corporation (unless previously dissolved) for their demand, and to cause execution to be issued thereon, which was to be returned unsatisfied, in whole or in part, before they commenced their suit therefor against the individual stockholder on his personal liability.

But this provision does not affect the right of the creditor to the personal liability of the stockholder for his debt, nor the obligation of the stockholder to pay the same; nor does it prevent the liability of the stockholder to the creditor from attaching and becoming perfect on the consummation of the contract of the creditor with the corporation. It simply defers the remedy by action upon that responsibility until the remedy at law against the corporation shall be exhausted, or the corporation shall have been dissolved. The intention of it is to secure the stockholder from an immediate recourse to him upon his personal liability when the corporation may be solvent and able to pay the debt, and the creditor may have an effectual remedy against the corporate body for his demand. The substance of the 9th section is, that the stockholders shall be jointly and severally personally liable for the payment of all debts contracted by the company, and that any person having a demand against the corporation may sue any stockholder therefor, and recover the same with costs; and the 10th section provides that before suit shall be commenced upon any such demand, judgment shall have been obtained against the corporation thereon, and execution issued and returned unsatisfied, in whole or in part, or the corporation shall have been dissolved. Upon these two sections taken together, the personal liability of the stockholder for the payment of the debt is immediate and absolute the moment the debt is contracted or incurred by the company; but the recourse of the creditor by suit to the stockholder upon that personal liability, is deferred until he shall have first exhausted his remedy at law against the corporation, or the corporation shall be dissolved.

The intention of the Legislature obviously was to incorporate the company with a qualified corporate capacity, vesting general corporate powers in the company, but leaving the stockholders personally liable for the debts of the corporation; and to effectuate that intention it was necessary to qualify the grant of a corporate capacity to contract debts by a provision that the stockholders should be personally liable to creditors therefor. It was fully understood, that under a general unquali-

Corning *v.* McCullough.

fied incorporation of the company, the debts contracted by it in its corporate capacity would be the debts of the corporation and not the debts of the individuals composing the company, and that the stockholders would not be personally answerable or liable therefor. · To guard against this irresponsibility of the stockholders for the debts of the company consequent upon an unqualified act of incorporation, the provision was inserted in the charter for preserving the personal liability of the stock. holders; but as that provision, if permitted to have its full legal effect and operation, would expose them to the suits of creditors in the first instance, and without any previous application to the company or demand of payment therefrom, and would moreover subject the creditors themselves, when driven to their recourse to suits against the stockholders, to great and oftentimes nearly insuperable difficulties and embarrassment in the pursuit of their remedy against a numerous and widely dispersed body of stockholders, it was deemed expedient to require of the creditor first to exhaust his remedy at law for the recovery of his debt against the corporation before recourse should be had by him to the stockholders, and to enable and authorize him, when such recourse should become necessary, to take his remedy and prosecute his suit against all or any of the stockholders of the company. These elementary provisions are incorporated in the act by separate sections from the enacting clause, whereby the company is in form invested with its corporate capacity; and upon this separation of these several enactments it has been contended that the statute is to be understood and construed as intending first to incorporate the company without qualification, thereby vesting in the body corporate full powers to contract debts in its corporate name without the personal responsibility of the stockholders therefor, but exempting them therefrom, and then, by the subsequent section subjecting them to a new and qualified liability for the same; and hence concluding that the remedy on such new liability must be by an action on the statute. To this exposition of the statute I cannot accede. It is, I believe, an established rule of construction, that the

different parts of the same act relating to the same subject, must, unless a different intent is so palpable as to admit of no question, be taken together and construed as if they were all in the same section.   Upon that principle, these several sections of this act, the first incorporating the company, and the ninth and tenth qualifying the grant of corporate powers and capacity, must receive the same construction as would be given to them if they had all been incorporated in the same section of the statute.   We cannot impute to the Legislature the design or intention to exempt the stockholders by the incorporation of them, from personal liability for the debts of the company, and then, by the same statute, render them personally liable for the same debts.   We apprehend that the clear intent was to invest the company with a qualified corporate capacity, and not to confer upon the stockholders, either directly or indirectly, as the consequence of such incorporation or otherwise, any exemption or immunity from personal liability for the debts of the company to be contracted in its corporate name and capacity.

If this view of the act of incorporation be correct, and the personal liability of the stockholder for the debts of the company results from his connection with the company as a member of it, participating in its benefits under an incorporation so qualified as not to exempt him from such liability for its debts or to protect him therefrom, how can the remedy of the creditor upon that liability be by an action on the statute ? or why must it not necessarily be by an action on the case at common law upon the liability of the stockholder for the debt of the company or copartnership, of which he is a member, and against which the incorporation of the company affords him no protection?   The plaintiffs' claim is not for a forfeiture or penalty or any sum of money or thing taken from the defendant and given to them by a statute, nor upon any cause of action to which their whole and sole right or title rests upon a statutory provision entitling them thereto, but for a debt contracted by the sale by them of merchandize, whereof they were the owners, to a company of which the defendant was a

member, and wherein he had an interest as one of its stockholders.

But the sale, it is said, was to the company and not to the defendant, and the plaintiffs had full notice and well knew that they made the sale to a corporate body, and contracted the debt on its credit and responsibility. The sale, it is true, was to the company, but not on its credit exclusively, but on the faith and credit also of the personal liability of the stockholders for the debts of the company. The liability of the defendant upon which the action is grounded, is for the payment of a debt of the company incurred by the purchase of merchandize of. the plaintiffs, for the use and benefit of the company, and wherein the defendant, as one of the members of the company, was interested, and for which he thereby and under the provisions of the charter of the company, became and was, concurrently with the company, from the inception of the debt, personally liable. It is virtually and in effect a liability upon a contract, and the mutual agreement of the parties; not indeed in form an express personal contract, but an agreement of equally binding obligation, consequent upon and resulting from the acts and admissions or implied assent of the parties. The company made the purchase of the goods of the plaintiffs on the terms and security authorized by the statute. The personal liability of the stockholders for the payment of the debts of the company, was one of the terms of purchase authorized by the statute. It was consequently one of the terms of the sale by the plaintiffs of their goods to the company, and constituted part of their security for the payment of the debt thereby incurred. To those terms and that security the defendant, by becoming and being at the time a stockholder of the company, gave his assent and made himself a party under and according to the provisions of the charter, and the plaintiffs, by the acceptance of the terms of sale and the delivery of the goods to the company, entitled themselves to the benefit of the personal liability of the defendant as a stockholder of the company for the payment of the debt contracted by the purchase.

But it is-objected that the personal liability of the stock-holders under the statute, differs from the common law liability of copartners; the common law rule subjecting copartners to a joint responsibility, and the statute making the stock-holders of the company jointly and severally liable for the debts. But that change of the common law rule of responsibility by the statute, as applied to this class of partners, cannot vary or affect the principle on which the liability rests. It is competent to the Legislature in all cases to amend, modify, and alter the rules of the common law, whenever amendments or alterations are deemed proper and expedient. Such action of the Legislature is of frequent occurrence, but such statutory amendments or modifications do not necessarily or usually abolish the rules they affect, or change the course of the common law in relation thereto; and as a general rule the pursuit of the remedy, in such cases, where the amendatory statute is silent, will be by the appropriate common law action, and not by an action on the statute. Should the Legislature provide by statute that copartners shall be liable, jointly and severally, to creditors on their contracts, and that any one or more of them might be sued upon their joint contract without joining the others in the suit, must the action for a debt accruing after the alteration of the rule of responsibility, if brought against one only of the copartners, be brought upon the statute authorizing the action against him solely as being necessarily an action on the statute, or might it not be brought in the usual form of a common lawsuit on the contract or for the debt of the copart-nership? The cause of action in such case against the co-partnership, would exist at common law, and the remedy against the one partner solely, though authorized and given by statute, would, I apprehend, be by suit at common law, in pursuance of the statute, and not upon the statute in the technical sense and meaning of those terms. And if the remedy against one of several copartners for a partnership debt, under a general statute providing for and authorizing the same, would be by a common law action, on the same

principle the recourse to the individual stockholder as a partner unprotected by the act of incorporation, and subjected to personal liability, might also be by a common law action on the contract of the company. Then how can this action, having for its object the recovery of a debt for goods sold to a company of which the defendant was a member, and personally liable for the payment of its debts, and which action, in no just sense of the term, partakes of the character of either forfeiture or penalty, be held an exception out of the class of actions of assumpsit and on the case to which it so naturally belongs, and to come within the description and class of actions on statute? I cannot resist the conclusion, that it is, in truth and in fact, a common law action on the case, for which the statute limitation of six years is provided, and not an action on statute subject to the shorter limitation of three years for its commencement.

But suppose it can be regarded in any sense of the term as an action on statute, is it an action for a forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved; and within the class of actions to which the limitation of three years is to be applied? An action, to come within the 31st section of the chapter entitled "of actions and the times of commencing them," must be an action on a statute for a forfeiture or cause, the benefit and suit whereof is limited wholly or in part to the party aggrieved. The purport of this statutory provision, especially when considered in connection with those which immediately precede it, referring also to actions on statutes, and the language in which these provisions are all expressed, indicate clearly, I think, the intention of the Legislature to have been to apply them to forfeitures and penalties, and causes of action of the like character, partaking of the nature of penal actions. The whole chapter "of actions and the times of commencing them," and all its divisions and enactments touching actions on statutes, speak that language too plainly, I think, to be misunderstood. The first title of the chapter in the first section of it defines and declares the actions included within the provisions of the chap-

ter to be either: 1. Such as relate to real estate. 2. Those which may be brought for the recovery of any debt or demand, or for the recovery of damages only. 3. Those which may be brought *for penalties or forfeitures.* 4. Suits in equity. The 18th section of the chapter, being the first division of the second article of the second title, contains seven subdivisions. By the first of them all actions of debt founded upon any contract, obligation or liability, not under seal, nor upon a judgment or decree of a Court of Record, as therein expressed, and by the fourth subdivision all actions of account assumpsit or on the case, founded on any contract or liability, express or implied, are to be commenced within six years next after the cause of such action accrued, and not after. And I here notice the very comprehensive terms of the fourth subdivision of this section as showing it to have been purposely framed and intended to reach and comprehend all actions on the case, of every description, founded on any liability whatever; and that it must be held to extend to and embrace the action now before us, unless the same be shewn or plainly appears to be excepted and otherwise provided for as more appropriately belonging to some other class of actions. The third article of the second title of the chapter, applies to actions for penalties and forfeitures, and is entitled " of the time of commencing actions for penalties and forfeitures." It consists of three sections, being sections 29, 30 and 31 of the chapter. By the first (being section 29) all actions upon any statute for any forfeiture or penalty to the people of the State, are to be commenced within two years after the offence shall have been committed; by the second (being the 30th section) all actions upon any statute for any forfeiture or penalty given in whole or in part to any person who will prosecute for the same, are to be commenced within one year after the offence shall have been committed, and if not commenced within that time by any private citizen, then to be commenced within two years after that year ended in behalf of the people of the State; and by the third (being the 31st section) all actions upon any statute for any forfeiture or cause, the benefit and suit where-

of is limited to the party aggrieved, or to such party and the people of the State, shall be commenced within three years after the offence committed or the cause of action accrued, and not after. Thus it is seen that the statute arranges all actions at law not relating to real estate in two classes. 1. Actions for debts, demands or damages only. 2. Actions for forfeitures and penalties. And that the 3d article of the 2d title of the chapter, which relates to the said second class of actions, namely, penalties and forfeitures, is entitled and professes to be of the time of commencing actions for penalties and forfeiture ; thus shewing the leading and general intent and purpose of the Legislature to have been to confine the actions coming within this second class, to penalties and forfeitures, and to apply the short limitation of three years to such actions only.

But it is contended that the addition of the word *"cause"* to that of *"forfeiture,"* in the 31st section, extends the provisions of that section to all actions for any cause, and upon any statute, whether for a forfeiture or other cause, founded upon statute liability, and the benefit whereof is limited to the plaintiff or party aggrieved. To this broad meaning of the term is opposed the narrower acceptation of it as importing "causes" of the same nature as those indicated by the term "forfeiture" with which it is so closely associated in the section—and this more restricted sense of the term strikes me as being the most rational exposition of it. That the use and application of that indefinite term in this connection, without any superadded words of restriction or explanation, has involved the section in some obscurity, the conflicting opinions of Jurists and learned Judges upon it sufficiently testify. But indefinite as it is in itself, it may, when used in connection with other terms, acquire distinctive features indicating the sense intended to be attached to it ; and as used and applied in this section it must, I think, from its juxta position to the term forfeiture, from the omission in the section of the term penalty from the relation of that section to the article and chapter to which it belongs, and from the general intention of

the Legislature, as collected from the language used in describing and designating the classes, and the character of the actions in their contemplation at the time, as those to which that article was to refer, be understood and held to apply to penalties and to such causes only as savour of forfeiture or penalty, and which, though not technically and in name penalties, are yet in substance and effect penal in their nature, and calculated and operating to affect the party exposed to them in the same or a similar manner with forfeitures and penalties.

That exposition of the meaning of the term receives countenance and support from the history of the section in which it occurs. That section was introduced into the statute of limitations of this State, on the first revision of the statute law of the State, by Jones & Varick, in 1788. On that revision the English statutes, then understood to be in force in this State, or properly applicable to us, were adapted to our system and enacted by the Legislature into the statutes of this State; and the provisions for the limitation of actions on statutes for forfeitures limited to the people, and to common informers contained in the act for the limitation of criminal prosecutions and of actions and suits at law, then passed by the Legislature of this State, were taken from the English statute, entitled an act concerning informers of the 31st Elizabeth, ch. v, sec. 5. But that statute contained no clause or provision for the limitation of the time for the commencing of actions on statute for forfeitures or penalties, the benefit whereof was limited or given to the party aggrieved. Nor was there any statute then existing and in force in this State or in England, containing any provision for the limitation of the time of the commencement of that class of actions on statute. It was to supply this omission of the English statutes, that the clause of the 13th section of the act of 1788, providing that all actions, suits, bills or informations for any forfeiture or cause on any statute, the benefit or suit whereof, was given to the party aggrieved should be commenced within three years after the offence committed or cause of action accrued, was passed by the revisers, and

inserted in the act which was then passed by the Legislature. It was a new provision, and was the same in substance and in nearly the same words when first created, as it now exists in the section to which we have so often had occasion to advert. The provision as first adopted, has gone through the several subsequent revisions of the statute law of the State unchanged, and without any question having ever arisen upon its construction, but we believe with the generally received opinion, that the intention of it was to provide and apply a rule or time of limitation to actions on statute by the party aggrieved, for the same or similar causes with those for which actions were given to the people or to common informers, but that it was not the intention of the Legislature or the purpose of the new provision to limit the time for the commencement of actions on statutes by the party aggrieved to a shorter period than six years in other cases than those of forfeiture and penalty, and causes of the same nature therewith, and analogous thereto. When the action of the party aggrieved is for a forfeiture or penalty, it is of course upon the statute, and when for a specific sum or definite measure of indemnity or recompense, which is the form the statute sometimes gives to the remedy it provides, the action may still be upon the statute ; but if such remedy be given for a wrong or injury which is actionable at common law, and the party has his election between the common law action and the statute remedy, and chooses to betake himself to his statute remedy, instead of bringing his action at common law, for the recovery of damages generally upon his proof before a jury at the trial, the short limitation of three years may be applied to him, though if he had been content with his remedy by the common law action, it would not have been applicable. But there is a class of actions and causes of action which involves statutory provisions in a greater or less degree, but which though the statute is a necessary link in the chain of title to the remedy, and they may to some intents be said to be under the statute, are not in the legal acceptation of the terms, actions upon the statute within the meaning of the limitation acts. I under-

stand the rule to be, that to bring a case within any class of actions on statute to which the short limitation time of commencing them is applicable, the cause of action must be created or given by the statute, or the action must be upon the statute solely; that if the cause of action or remedy be partly at common law and partly by statutory provisions, the short limitations prescribed for the times of commencing action on statutes do not apply unless the cause of action be penal in its nature, or there be no other limitation provided by law adapted to the case. To this class of actions partly at common law and partly on statutory provisions, the present action, if in any sense or degree, upon statutes would belong. The liability of this defendant to these plaintiffs is neither for a penalty inflicted upon him for any offence committed by him nor for any forfeiture incurred by him, nor does it possess any element or feature of a penal character assimilating it to either forfeiture or penalty. It cannot therefore be brought within the provisions of the 31st section, and the short limitation of three years be applied to it, unless the use of the statute showing the qualified corporation it creates as evidence to connect the defendant as a stockholder, with the plaintiff's sale and delivery of the goods to the company can be held to characterize it as an action upon the statute.

But we are referred to the difference in the phraseology of this 31st section, from that of the two sections immediately preceding it, as conflicting with our exposition of the meaning of them. We are reminded that in each of the two that precede, the word penalty is added to that of forfeiture, but that in this, the word penalty is omitted, and the term "cause" left to stand in its place, whence we are asked to infer that the Legislature on the last revision intended, in accordance with the spirit of the act of 1788, as they understood it, to confine the limitation in the two sections that precede the 31st strictly to forfeitures and penalties, but to extend that of the 31st section beyond both forfeitures and penalties to other causes, and necessarily in the absence of all restriction to action on statute for any cause whatsoever. And as a further

ground for the conclusion that such was the understanding and intention of the Legislature in the introduction and in the continuance of the new provision, it is suggested and urged, that as the Legislature on both occasions, as well in framing a general statute for the limitation of times of commencing action, as on the renewal and continuance of the same, have made use of terms in reference to this particular class of actions sufficiently broad to embrace the whole of the class, they are to be presumed to have intended to apply the rule prescribed to the whole of that class rather then to be presumed to have meant to confine it to a part only of the class. This reasoning has force when applied to a case where no reason exists for fixing a different limitation of time to some actions of that class from that which is applied to others. But is this such a case? The 31st section is one of three sections of an article entitled " of the time of commencing actions for penalties and forfeitures," and the general intention of the Legislature, as indicated by this designation of the purpose of the article, might be taken to have been to apply the rules of limitations its sections prescribe to actions for forfeitures and penalties only, and the last sections of the article relating to actions by the party aggrieved, to conform it to that general intent would in strictness be confined to the same causes of action as the two sections that precede it; but as the party aggrieved may have causes of action upon the statute against aggressors coming within the spirit, though not within the letter of the article, the word "cause" used instead of "penalty," may well be understood as being substituted for that term with intent to extend the provision to cases penal in their nature, though not in strictness and technically either penalties or forfeitures. But between these actions on statutes for the benefit of the party aggrieved, and the class to which I have before adverted as being partly on statutory provisions and partly at common law, for causes not in the nature of a forfeiture, but for the recovery of a debt or damages, and actions also for rights or remedies of a civil nature which statutes may originate or authorize, but which enable and entitle the prosecutor to re-

cover the common law measure of damages, and not a fixed statutory recompense for the wrong or injury of the aggressor, there is a wide and marked distinction, and for this distinction there is abundant reason. It is the policy of the statute to limit the commencement of actions for forfeitures and penalties to shorter periods of time than actions on contracts and for vested rights and legislative enactments, subjecting the aggressor to a specific measure of damages or a specific compensation, for the injury he causes may be in their nature penal, and come properly within the provisions of this 31st section, but rights and remedies of a purely civil nature which may be vested by statute in individuals, or which parties may acquire under statutory provisions partake in no degree of forfeiture or penalty, but are equally meritorious, and entitled to the same favor as rights upon contracts or other acquisitions, and actions upon them are equally within the reason and policy of the six years' rule of limitation, as actions upon contract, and cannot justly be confined to the narrower rule of three years limitation prescribed for penal actions. I cannot reconcile with the views I take of the general policy and principles of the article entitled "of the time of commencing actions for penalties and forfeitures," and the special provisions of the different sections of that article, the supposition or belief that the framers of it could intend to apply the short bar of three years limitation to all actions upon statute, or under statutory provisions by parties suing for their own benefit, without discrimination or exception. I must believe that the intention was to confine the three year limitation to actions by the party aggrieved, for penalties and forfeitures and analogous causes of action of a penal nature, and not to extend that bar to civil actions for rights and on remedies resulting from, or accruing under statutory provisions, not imposing upon aggressors or offenders any specific amount or rate of compensation or recompense, but leaving them to this common law liability and the common law measure of damages consequent thereon. Under these views of our system of limitation of suits and actions, the use and importance

of the term "cause" superadded by the first revisers to the term "forfeiture" in the new section introduced by them, is manifest. The provision might have been imperfect, or open to misconstruction without it. The term "forfeiture" might suffice to describe the actions to which the two preceding sections were to apply, but might not be held to embrace all the causes of action to which the new section was to extend, and the addition of the term penalty might not sufficiently enlarge its range, but the term "cause" was sure to be effectual, and rightly understood and applied, would extend the limitation prescribed by the section to penalties and all analogous causes partaking of the nature of forfeitures, but would carry it no further.

In this connection it may be noted, that the indefinite term "cause" being immediately preceded in the sentence by the term forfeiture, may, if the intention of the Legislature, and the adaptation of the particular provision to the general character and purpose of the article and chapter of which it is parcel should require it, be understood and construed according to the maxim, *noscitur a sociis*, as meaning something of the same or like nature with forfeiture and analogous thereto. The section so construed provides, that "all actions upon any statute for any forfeiture or cause of the same or like nature, the benefit and suit whereof shall be limited to the party aggrieved, &c., shall be commenced within three years next after the offence committed or the cause of action accrued." That construction reconciles the section to the heading or title of the article to which it belongs, and conforms it to the classification that heading imports of the actions to which the times of limitation the article prescribes are to apply as being actions for penalties and forfeitures, and harmonizes moreover with the ordinary acceptation of the terms, "party aggrieved," so emphatically applicable to those who suffer from the aggressions of others, but so inappropriate and rarely applies to plaintiffs and parties who prosecute on contracts and liabilities for debts and damages.

If the causes of action to which this section is intended to

apply cannot be by the settled rules of construction confined to causes of a penal nature, what bounds can be set to the section? If it is held to apply to all actions on any statute. remedial or penal for any cause involving any statutory provision, and being for the benefit of the plaintiff or party aggrieved, will it not be made to comprehend large classes of actions which have never yet been understood or supposed to come within it? May not liabilities clearly within the reason and the very letter of the 4th subdivision of the 18th section, and always regarded and treated as being unquestionably entitled to the benefit of the full term of six years for the commencing of actions upon them, be brought within the range of the narrower rule of this thirty-first section and restricted to the shorter term of its three years limitation? The instances adduced by the counsel for the plaintiffs in error, to exhibit and illustrate the practical effect and operation of such an exposition of this section of the statute, are so appropriate and so striking that I deem it superfluous to extend them or to dwell upon them. Among them I notice the remedy given by statute to the endorsee against the maker and endorser of a promissory note, which was an innovation upon the common law system, and purely by statutory authority. It not only gave a new remedy on the note, but changed essentially its character and its properties, and altered materially the rights and liabilities of the parties to it. When first introduced, a reference to the statute authorizing it was deemed necessary in actions under the statute upon the note; but the suit or action itself was from the first and always has been, and notwithstanding the introduction into our statutes of limitation of the new and additional provision contained in this thirty-first section, has continued to be, and now is with us as in England the common law action of assumpsit or trespass on the case, upon the contract which the note, in the statutory sense and effect of it imports, and the statute limitation of six years held to apply to it. So too the other cases cited, of actions by and in the name of the assignee of a chose in action where the assignor is dead, and there is no executor or

administrator; actions by and in the name of the purchaser of a chose in action at a receiver's sale; actions by and in the name of an assignee of a bond to the Sheriff; by and in the name of the assignee of a lessor against the lessee upon covenants in the lease; against the maker and endorser of a promissory note jointly; by the creditors of a deceased person against the heirs, devisees, legatees, and next of kin; by purchasers of real estate sold on execution against the owner of the judgment on the failure of title; by mechanics against the owner of a building to enforce a statutory lien for a debt due from the contractor; and actions against the owner of a carriage for the malicious act of the driver, are prominent instances of remedies, and some of them of rights created or given, improved or varied, by statute, but for and upon which common law actions are in familiar use, and the six years term of limitation constantly applied. For aught that I can see, the action in the case now before us is as far removed as any of these from the legitimate range of the short limitation; for it is substantially and in effect an action for the price or value of merchandize sold and delivered by the plaintiffs to a company of which the defendant was a member, and for the debts of which he is by law adapted by statutory provisions to the case, personally and individually liable. And if this action must be held to come within the 31st section, and not within the 4th subdivision of the 18th section, and the short bar of the three years limitation must be applied to it, I am yet to learn why it is that the same principle, if fairly and fully carried out, would not embrace those cases also, and all others of a similar character. The results of such an expansive application of the terms of this section, and the wide range of the short statute bar consequent upon it, must, I think, be decisive against that exposition of it, if the language of the statute admits of any other construction.

But we are told that the short bar of three years has been formerly decided to apply to a case similar in its leading features to this; and we are referred to the case of Van Hook vs. Whitlock as establishing the rule. In that case the credi-

tors of the Commercial Insurance Company of New York filed a bill in the Court of Chancery against stockholders of the company, to charge them with debts of the company, on the ground of a personal liability under a special clause in the act of incorporation. The defendants took two grounds of defence to this suit, the statute of limitations, and a discharge from the liability under an act of the Legislature, authorizing the discharge of insolvent insurance companies and their stockholders from the debts of the company upon making an assignment of the corporate estate and effects for the benefit of the creditors, they, the defendants, averring that such assignment had been made and that the complainants had accepted and received dividends under it. The Vice Chancellor of the First Circuit, before whom the question first came, sustained the defence of the statute of limitation. He held that the clause establishing the short bar of three years limitation was not confined to penal action, or such as might be brought for a forfeiture, but applied to actions for any cause and upon any statute whatever, for a forfeiture or other cause founded upon statute liability and given or limited to the party aggrieved. That the action before him fell directly within the letter and spirit of that clause, and it not having been brought within three years next after the cause of action accrued, he, on those grounds, without passing upon the other questions in the cause, dismissed the complainant's bill. The Chancellor on an appeal to him inclined to the same opinion and confirmed the Vice Chancellor's decision. From the Chancellor's decree, the plaintiffs appealed to the Court for the Correction of Errors, and the appeal came on to be heard by that Court in 1841, when the decree of the Chancellor was affirmed, not on the ground taken by the Vice Chancellor and approved by the Chancellor, but upon the other branch of the defence. The affirmance was upon the ground that the creditors who were prosecuting the suit, had affirmed the validity of the assignment by receiving dividends under it. That although the statute under which the assignment was made was unconstitutional and void, as to creditors whose demands existed previous to the passage of the

act, still, that the creditors having come in and accepted dividends under the assignment, had assented thereto and affirmed it, and that they could not afterwards avail themselves of the personal responsibility of the stockholders under the charter ·for the payment of the debts of the company. Upon the point which is alledged to have involved the question now before us, on the application of the statute of limitation to the case, no decision was made, and no opinion was expressed by the court. But Chief Justice Nelson, then of the Supreme Court of this State, now one of the Judges of the Supreme Court of the United States, who delivered the opinion of the Court for the Correction of Errors on that occasion, adverting to the question of the statute of limitations, observed that he did not intend· to discuss that question, not deeming it material to the view he had taken of the case, but that he felt bound to present it for the purpose of entering his dissent to the construction attempted to be given to the clause. "If it really possesses the sweeping effect claimed," observed the learned Judge, "for ought I see it would present a short bar of three years to any action and cause of action arising out of, and founded upon any statutory regulation." He instanced the case of suits against the the President of Associations under the general banking law, as being as completely founded upon statute and the creditor as much aggrieved by the nonpayment of his debt as could be predicated of the case then under consideration, and if the three years' bar was applicable to the one, he did not see, he said, how it could be consistently denied to the other. This was the only ·opinion given, and from its decisive tone, and the clear and very decided opinion it expressed with the manner of announcing it, and the silence of the other members ·of the Court, it may be fairly taken ·if not to express the views of the Court on the subject, at least to indicate the absence of all intention of that Court to affirm the opinion of the Courts that preceded it on this point. The decision therefore of the Court of Chancery in that case on the point, though entitled to our respectful consideration, is not binding upon us, and my ·own reflections on the subject

upon the fullest consideration I have been able to give it, have led me to a different conclusion. To this conclusion, and the views taken by this Court of the provision now under review, the learned Chancellor himself would appear, from his opinion on the point, when the question was before him, not to be irreconcilably adverse or very strongly opposed. He concurred, it is true, in the decision of the Vice Chancellor, and suggested considerations certainly not without weight, in favor of the Vice Chancellor's exposition of the clause in question; but he at the same time conceded that it is very doubtful whether the Legislature by that provision, intended to include any of that class of actions which are founded partly upon the common law and partly upon statutory provisions, and which are not in the nature of a forfeiture, and which class of actions was already provided for in the previous sections of the act. From these intimations we may, I think, fairly infer that the exposition of the statute which this significant doubt suggests, would not be regarded by him as wholly inadmissible, and that exposition would effectually except and exclude the case now under consideration from the rule to which the Supreme Court adheres; for the personal liability imputed to this defendant is, at most, but partly founded on statutory provisions, is not in the nature of a forfeiture, and is amply provided for in the previous 18th section of the chapter. The construction of this 31st section, and the term "cause" as used therein, suggested by the strongly expressed doubt of the Chancellor, certainly approaches very near, if it does not come fully up to the standard of the exposition herein given of them.

But if our construction of the clause should confine it to still narrower limits, I am satisfied that the sense and meaning we attach to it is not too restrictive. It is an exposition of it, which, in my judgment, gives it all the efficacy and extension required to fill up the space in the system of limitation of the times of commencing actions on statutes left by the statute of Elizabeth, and which it was the purpose of the new provision of the act of 1788 to supply. It reconciles the 31st section

with the 4th subdivision of the 18th section of the chapter of the revised statutes providing for the limitation of the times of commencing actions, gives distinct but appropriate and sufficiently full effect to both, and it vindicates the statute from the reproach of subjecting actions for rights and interests founded on good and valuable considerations acquired under or rendered more effectual by statutory provisions to the same short bar of limitation with actions for penalties. The action of these plaintiffs is for the value of merchandize, sold and delivered by them to a company of which the defendant was a member, and which, though possessing a corporate capacity by the fundamental law of its corporate existence, operated and contracted on the personal liability of its stockholders as well as the corporate responsibility of the company for the payment of its debts. The contract being with the company, a reference to the statute became necessary in order to show the connection of the stockholder therewith, and with the liability it created, but the liability thus shown not being for any penalty or forfeiture incurred by the stockholders, nor any cause in any wise penal in its nature, but for the debt contracted by the purchase of the goods, comes clearly within the letter and spirit of the 4th subdivision of the 18th section, and the provision of the 31st section does not extend to, or embrace it. The action, therefore, not being upon the statute for a cause within the 31st section of the chapter, the short bar of three years limitation prescribed by that section is not applicable to it, and the demurrer to the defendant's special plea was well taken and ought to have been allowed. The judgment of the Supreme Court must be reversed.

BRONSON, J. I concur fully in the opinion which has just been delivered by my brother Jones, and will add only a few words by way of explanation. This case was only brought before the Supreme Court *pro forma*, as the question had been previously decided in *Freeland* v. *McCullough*, 1 *Denio*, 414. That case was not fully argued; and when it was decided, one of the principles which had been settled in relation to this

class of cases was entirely absent from my mind. Had it been mentioned or thought of, I could not have concurred, as I did, in the judgment which was rendered by the Supreme Court. It had been several times held, that the stockholders of this and other like companies, stood substantially upon the same footing as to liability as though they had been partners, or an unincorporated association; that they were answerable to the creditors of the company as original and principal debtors, though the creditors were first to exhaust their remedy against the corporation. (*Allen* vs. *Sewall*, 2 *Wend.* 338; *Exparte Van Riper*, 20 *id.* 614; *Moss* vs. *Oakley*, 2 *Hill* 265, 269; *Bailey* vs. *Banker*, 3 *id.* 188; *Harger* vs. *McCullough*, 2 *Denio*, 119, 123.) In this view of the matter it is entirely clear, that the three years statute of limitations is not applicable to the case. I am therefore of opinion that the judgment of the Supreme Court should be reversed, and that judgment should be rendered for the plaintiffs on the demurrer.

Ordered accordingly.

JEWETT, Ch. J. dissented.