THE PEOPLE OF THE STATE OF YORK ex rel. FRANCIS M. CRAFTS v. THE FIRE COMMISSIONERS, RESPONDENTS.

*Charter of the city of Brooklyn — construction of sec. 7 of chap. 377 of 1880 — what officers are removable without trial.*

An assistant superintendent of telegraphs in the fire department in the city of Brooklyn is not employed "on the force for extinguishing fires," within the meaning of those words, as used in section 7 of chapter 377 of 1880, providing that "no person employed on the police force, or on the force for extinguishing fires, shall be removed without cause, and then only after a public trial."

The interpretation heretofore put upon the clause, "on the force for extinguishing fires," which makes it include all officers of the fire department, enumerated in section 9 of title 13 of the charter, reviewed and held to be erroneous.

The maxim *noscitur a sociis* applied.

CERTIORARI to review the action of the fire commissioners, in removing the relator from his position as assistant superintendent in the fire department of the city of Brooklyn.

*Sidney Williams*, for the relator.

*John A. Taylor* and *F. W. Catlin*, for the respondents.

GILBERT, J. :

The relator was an assistant superintendent of telegraphs in the fire department of the city of Brooklyn, and was removed from that office without a trial. If he was employed on the "*force for extinguishing fires*," within the meaning of section 7, of chapter 377, of the Laws of 1880, such removal was illegal. It is provided by that section, that the officer or officers at the head of every department may appoint and remove "*his or their clerks and*

496  PEOPLE ex rel. CRAFTS v. FIRE COM'RS.

Second Department, December Term, 1882.

*assistants and other subordinates,"* without a trial, upon filing with the city clerk the reasons therefor, which reasons shall not be questioned in any other place, and that " no person employed *on the police force, or on the force for extinguishing fires,* shall be removed without cause, and then only after a public trial." The interpretation heretofore put upon the last clause of this section is, that it includes all officers of the fire department enumerated in section 9 of title 13 of the charter. (Chap. 863 of 1873.) Upon a review of the subject, we think that construction is erroneous for two reasons : 1. The enumeration in said section 9, embraces officers of the present department of buildings as well as officers of the fire department, for, at the time it was made, those departments were united and constituted a single department. 2. The first clause of section 7, of the act of 1880, authorizes the removal, without a trial, of " clerks, assistants and other subordinates," a comprehensive phrase which includes many of the officers enumerated in said section 9, of title 13 of the charter. Recourse elsewhere must therefore be had, for the purpose of ascertaining the meaning of the phrase, " force for extinguishing fires."

The prohibition contained in said section applies to this force and the " police force." The charter of the city defines the phrase " police force." That definition excludes the superintendent, operators and assistant operators of the telegraph, and includes only the men to whom is assigned direct and actual police duty. (Laws 1873, chap. 863, tit. 11, §§ 6, 7.) The force for extinguishing fires is not defined, unless the term " firemen " may be so regarded. (Id., tit. 13, § 9.) But a telegraph superintendent or his assistants cannot reasonable be held to belong to the *" force for extinguishing fires,"* when officers who perform the same functions are excluded from the " police force." For the legislature could not have intended to protect officers of the same grade, and having the same kind of duty to perform when employed in the fire department, but to withdraw that protection when employed in the police department. The object of the statute was to prevent arbitrary removals from office for political or sinister reasons, and it applies to both " forces " alike. In order to ascertain what officers the legislature intended to designate by the phrase " force for extinguishing fires," I know of no better rule to adopt than the familiar one of *noscitur*

*a sociis.* Guided by that rule, and recurring to the above definition of the words "police force," the intention of the legislature becomes apparent. (*Corning* v. *McCullough,* 1 N. Y., 47, 63 ; *Aikin* v. *Wasson,* 24 id., 482 ; *Coffin* v. *Reynolds,* 37 id., 640.) It was to restrict the power of removal, only, of that class of employes in the fire department who fall under the designation of firemen, that such restriction should apply to all of that class from the highest to the lowest, and that it should not apply to clerks, assistants and other subordinates, whose duties do not directly pertain to the extinguishing of fires.

The writ of *certiorari* should be quashed, but without costs.

BARNARD, P. J., dissenting.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Writ of *certiorari* quashed, without costs.