JACOB KOONS AND OTHERS, RESPONDENTS, v. ANDREW N.
MARTIN APPELLANT.

*Limited liability companies — liability of stockholders — contribution among stock-
holders must be enforced in equity — County Court without jurisdiction.*

The right of one stockholder in a limited liability company, organized under
chapter 611 of the Laws of 1875, who has paid, either under compulsion by
process of law or voluntarily, a judgment against the company, to recover against
a co-stockholder, jointly liable with the other stockholders of the company under
section 37 of the act, can be enforced only through an equitable action for con-
tribution; and of such action a County Court has no jurisdiction.

Where certain stockholders in such a limited liability company take an assignment
of a judgment against the company, recovered by a third party while such
assignees were stockholders, and for which they are, under the statute, jointly
indebted with other stockholders, they cannot maintain, in a County Court, an
action at law against a co-stockholder to recover absolutely of such stockholder,
as such, a sum equal to the whole amount of his stock, to apply on such judg-
ment, as the defendant cannot bring into the action in that court other stock-
holders equally liable with himself and compel contribution among all of them,
including the plaintiff.

APPEAL by the defendant Andrew N. Martin from a judgment
of the County Court of Monroe county, in favor of the plaintiff
and against said Martin for $500 and costs, entered on the 20th
day of May, 1892, on the decision of the county judge, sitting
without a jury.

Section 37 of chapter 611 of Laws of 1875, entitled "An act to
provide for the organization and regulation of certain business cor-
porations," contains the following provisions: "In limited liability
companies, all the stockholders shall be severally individually liable
to the creditors of the company in which they are stockholders, to
an amount equal to the amount of stock held by them, respectively,
for all debts and contracts made by such company, until the whole
amount of capital stock fixed and limited by such company has
been paid in, and a certificate thereof has been made and recorded,
as hereinafter prescribed. * * * No execution shall issue
against any stockholder, individually, until execution has been
issued against the corporation and returned unsatisfied; and when-
ever a judgment shall be recovered against a stockholder, indi-
vidually, all the stockholders shall contribute a proportionate share

of the amount paid by such stockholder on such judgment, proportioned to the number of shares of stock owned by each of such stockholders, and such stockholder shall have a right of action against the other stockholders in such corporation, jointly or severally, to recover from them, and each of them, the proportion due by them, and each of them, of the amount so paid on such judgment."

*John J. Snell,* for the appellant.

*M. H. McMath,* for the respondent.

MACOMBER, J.:

On the 3d day of May, 1890, a judgment was recovered against the Webster Preserving Company (Limited), a corporation organized under the laws of the State of New York, and succeeding, by name, the Curtice Preserving Company (Limited), upon two promissory notes, bearing date the 1st day of September, 1888, one of them in the sum of $1,000, and the other in the sum of $500. Executions against the corporation having been returned unsatisfied, this action was begun against the defendant on the 9th day of April, 1891, charging him with liability to the extent of $500, being the amount of the shares of the capital stock of the corporation held by him, being five shares at the par value of $100 each.

The learned trial judge has found that the defendant was such stockholder in the amount named, from the 16th day of November, 1886, to the 11th day of April, 1889, and that he was a stockholder of such corporation within two years before the beginning of this action. The facts disclosed by the evidence clearly sustain this conclusion.

The plaintiffs are assignees, by an instrument in writing, of the judgment so recovered by Fred D. Bancroft. It appears, however, that they were, at all of the times covered by the dealings of Bancroft with the corporation, down to the beginning of this action, themselves stockholders of that corporation, and, during a portion of the time, officers thereof. The question is, therefore, whether they can maintain this action in the County Court.

It is properly assumed on both sides, that the County Court has not jurisdiction of an action for contribution from stockholders

under chapter 611 of the Laws of 1875, in pursuance of which this corporation was organized. For the purpose of such contribution by all of the stockholders to one or more who have compulsorily paid debts that the whole number should have paid, the stockholders must be deemed substantially to be copartners. (*Corning* v. *McCullough*, 1 N. Y., 47; *Clark* v. *Myers*, 11 Hun, 608.)

The plaintiffs, therefore, were jointly indebted with the other stockholders of the concern for the whole amount of the judgment obtained by Bancroft. It matters not, for the purpose of fixing their rights, whether they were compelled by process of law to pay the Bancroft judgment, or whether they voluntarily paid the same. So long as they appear to be stockholders of the corporation their rights to recover against a co-stockholder can be worked out only through an equitable action for contribution. But this action is purely one at law. It is to recover absolutely of the defendant, as a stockholder, the whole amount of the face of his stock at par. Each one of the plaintiffs is liable for contribution in proportion to the stock held by him for this very claim now made by them against this defendant. The defendant had the right to take the position at the trial which he did, that the County Court had not jurisdiction of this action, because he could not bring into the case other stockholders equally liable with himself, and compel contribution among all of them, including the plaintiffs. Any other view would lead to the anomalous conclusion of permitting a recovery at law in this action of the whole sum of $500, with liability on the part of the plaintiffs to this defendant to pay back the same, or a portion thereof, in a suit for contribution.

For this reason the complaint should, we think, have been dismissed at the trial.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment of the County Court of Monroe county appealed from reversed and new trial granted, with costs to abide the event.