EDWARD HALL, Respondent, *v.* FRANCIS SIEGEL and others, Appellants.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

A judgment against a corporation is evidence of its indebtedness in an action to enforce the corporate liability against a stockholder.

*Allen* v. *White* (57 Barb., 504) reaffirmed.

The trustees of a corporation for social and recreative purposes, under the act of 1865, chap. 368, are liable for its debts as therein provided (§ 7), upon condition that a suit to enforce *such* liability shall be brought within a year.

Accordingly *held*, that a judgment recovered against the corporation, within a year from the time when the debt (payable within a year from the time when it had been contracted) had become due and payable, was not evidence of a stockholder's liability in an action brought against him after the year had expired.

THIS was an appeal from a judgment for the plaintiff, entered upon the report of a referee.

The appellants and others on the 2d day of May, 1868, became incorporated, under chapter 368, Laws of 1865, and, in the certificate of incorporation, were named as trustees of the corporation, which was called "The Association of the United Sharpshooters of New York and Vicinity."

On the 16th day of October, 1871, the suit was commenced by the plaintiff, claiming as assignee of six several judgments, obtained against the corporation in December, 1868, and in January and February, 1869. The answer of the appellants, admitting the incorporation, put in issue all other allegations of the complaint, and claimed also as a separate defence that the action could not be maintained, because it was not commenced within one year after the alleged debts became due and payable.

The issues were tried before a referee. The defendants first moved to dismiss the complaint because it did not state facts sufficient to constitute a cause of action. When this motion was overruled the plaintiff offered in evidence the certificate of incorporation, a copy of the judgment record of the judgment recovered against the corporation, *by default*,

Hall *v.* Siegel.

and the execution issued thereon, with the sheriff's return of *nulla bona*, and the assignment of the judgments to the plaintiff, and then rested. The counsel for the defendants objected to the introduction of the judgment record and execution and return, as *res inter alios acta*, and, when the plaintiff rested, again moved to dismiss the complaint, specifying particularly the grounds of such motion. The referee overruled the motion. The counsel for the defendants took proper exceptions to each of the rulings of the referee, who reported in favor of the plaintiff; and from the judgments entered on his report this appeal has been taken.

*James Eschwege,* for the plaintiffs.

*Royal S. Crane,* for the respondent.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. With respect to the effect of the judgment recovered against the corporation, we feel bound to adhere to the decision of this court in the case of *Miller* v. *White* (57 Barb., 504). That case was deliberately determined, and nothing has been presented on the argument of this case which was not then duly considered. That decision must stand, therefore, as the rule of law on this subject until reversed.

The case shows that this action was not brought until several years after the debt sought to be recovered became due and payable. It also shows that a suit was commenced against the corporation and prosecuted to judgment within a year after such debt became due and payable. The question is thus presented whether the defendants are liable. The seventh section of the statute on this subject (Laws 1865, chap. 368) provides that " the trustees of any company or corporation, organized under the provisions of this act, shall be jointly and severally liable for all debts due from said company or corporation, contracted while they are trustees,

provided said debts are payable within one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable."

The respondents contend that the commencement of a suit against the corporation within the year, to which the section quoted refers, was a sufficient compliance with the last condition therein contained. We are of opinion that, by a fair and reasonable construction of that section, the trustees are rendered liable for the debts of the corporation o ' · ¬on condition that a suit, *to enforce such liability*, ╷ ‸ brought within one year after the debt became due and ╷ ╷; able. This section creates several qualifications of the liability which it imposes by general words on the trustees; and it is quite manifest that the sole object of each of them was their protection. They are made liable only for debts contracted while they are trustees. They are not made liable for all such debts, but only for such as are payable within one year; and then is superadded the further condition that a suit for the collection of the same shall be brought within one year after the same shall become due and payable. The object of this latter condition was to insure prompt action on the part of creditors, so that the trustees might be apprised of the claim made against them, and to afford them a timely opportunity for indemnifying themselves against their liability. The mere commencement of a suit against the corporation would not certainly secure these objects; for it might be commenced by service of process upon an officer of the corporation, and, in many cases, the fact might not come to the knowledge of the trustees, and the suit might be commenced after they had ceased to be trustees. In the latter case there would be no ground for a presumption of notice of the fact to them. If it had been the intention of the legislature to afford protection to the trustees by means of a notice that a suit had been brought against the corporation, we think the provision would have been couched in language more explicit and better adapted to accomplish the object.

Hall v. Siegel.

They would have required a notice in express terms, as they did in the general railroad act (Laws 1850, chap. 140, § 12), and in other cases.   If they intended that the trustees should derive any other benefit from such a suit they would have required the creditor to exhaust his remedy, or, at least, proceed to judgment against the corporation.

Taking the letter of the statute, it may mean either that the suit shall be brought against the corporation or the trustees.   The phrase, " a suit for the *collection of the same,*" indicates nothing one way or the other.   It is quite as applicable to a suit against the trustees as to one against the corporation, because the trustees are made liable primarily for the debts, and not, as in most similar cases, only after default of the corporation.   Having a due regard, however, to the apparent object of the proviso, the connection in which it stands, and the fact that the subject-matter of the section relates exclusively to the liability of the trustees, we think the construction we have given to it is the better one.   The statute is in the nature of a penal one ; and this construction is in accordance with the maxim that the general words of a penal statute shall be restrained for the benefit of him against whom the penalty is inflicted.   (Dwarris, 736 ; Sedg. Cons. Laws, 324.)   We therefore think it should govern this case.

This conclusion renders it unnecessary to consider the other questions presented.

The judgment must be reversed and a new trial granted at the circuit, with costs to abide the event.

Judgment reversed.