Cochran v. American Opera Co.

————

# COCHRAN *v.* AMERICAN OPERA CO.

*N. Y. Supreme Court, First District, Special Term; December,* 1887.

1. *Demurrer ; defect of parties plaintiff in creditor's suit.*] A statement, at the beginning of the complaint in a creditor's suit, that the plaintiffs named in the title are "suing on behalf of themselves and of all other creditors who may be similarly situated," sufficiently indicates

the character of the suit, and an omission to add such a statement to the names of the plaintiffs in the title of the complaint, will not sustain a demurrer for defect of parties plaintiff.

2. *The same; summons.*] Upon demurrer to a complaint for defect of parties, the summons cannot be looked to in support of the demurrer.

3. *Creditor's suit against stockholders of corporation.*] One or more creditors of a corporation may maintain an action in equity on behalf of themselves and of all other creditors similarly situated, who may come in and adopt it, against the corporation and its stockholders who have become personally liable for its debts or who are owing balances of stock subscriptions, to ascertain the extent of such liabilities and realize the amount thereof, and to restrain the bringing or further prosecution of separate and individual actions at law by creditors against stockholders, that the claims of all the creditors to share in the fund realized from stockholders' liabilities may be investigated, established and paid, and thus a multiplicity of suits avoided and wasteful litigation prevented.

4. *The same.*] The mere fact that some creditors have realized their claims in full on suits against stockholders does not affect the right to maintain such action, the fund to be reached being what remains unenforced of stockholders' liabilities.

Trial of demurrer.

This action was brought by S. Skiddy Cochran and another, judgment creditors of the American Opera Company, Limited, a corporation organized under the Business Act (L. 1875, c. 611), against the corporation and certain of its stockholders and creditors.

The names of the parties plaintiff in the summons and complaint were given without any further designation; but immediately following, the complaint began: "The plaintiffs above named (by their attorneys) suing in behalf of themselves and of all other creditors of the American Opera Company, Limited, who may be similarly situated with these plaintiffs, allege," etc.

The complaint, after alleging the employment of the plaintiffs by the corporation, their wrongful discharge, and the recovery of separate judgments against the com-

pany for the damages sustained thereby, and the issue and return of execution unsatisfied, alleged:

"That the persons next hereinafter named, at or about the time when the said company was incorporated (and before the several debts owing by said company to the plaintiffs, and to those other creditors of said company who are made parties hereto, were respectively incurred by said company), became and were stockholders in said company, and then held, and have since continued to, and now severally hold, shares of said stock of the par value of one hundred dollars each, as follows, to wit: [naming them].

" That the plaintiffs are not advised of the precise number of shares of stock held and owned by said several defendants last above named, and for that reason the plaintiffs are unable to specify the particular number of shares so held and owned by said defendants.

"That, as the plaintiffs are further informed and believe, there are sundry other persons who likewise became stockholders in said company, at or about the time of its incorporation as aforesaid, and have since continued to, and now hold many shares of said stock, but that the plaintiffs are ignorant of the names of such persons, and of the number of shares of stock severally held by them. . . . .

" That, as the plaintiffs are further advised and believe, many of the persons hereinbefore alleged to be stockholders in said company, and who are named as defendants herein, as well as sundry of said unknown stockholders, were among the original subscribers to the stock of said company, and duly signed the stock subscription book upon the organization of said company, as prescribed by the act under which said company was incorporated, and thereby severally and respectively agreed to take a large number of shares of the stock of said company, and to pay to said company $100 for each share so subscribed for, but that such persons subscribing as afore-

said (whose names are unknown to the plaintiffs and cannot at this time be ascertained), then failed, and have since failed to pay to said company, or to any person on its behalf, any sum whatsoever for the stock for which they severally so subscribed, and which was thereafter delivered to them respectively, beyond the sum of $10 per share, which was by said several subscribers paid in cash to the commissioners by whom the subscription books of said company were opened as prescribed by said act.

"That the plaintiffs are ignorant of what, if any, property is owned by said company, but, as they are informed and believe, the said company is irretrievably insolvent, and is indebted in upward the sum of $300,000, and that such indebtedness is distributed among divers persons, many of whom are unknown to the plaintiffs. That many persons, claiming to be creditors thereof, are pursuing said company in suits at law for the recovery of the amounts alleged to be owing to them. That the defendants next hereinafter named, to wit: [naming them, including Nelson Smith] severally are, or claim to be, creditors of said company, and have severally recovered judgments against said company for the amount of their respective debts, and that, as the plaintiffs are further informed and believe, the same defendants who are, or claim to be, judgment creditors of said company, with executions returned unsatisfied, together with the following named defendants, to wit [naming them],who likewise are or claim to be creditors of said company, but who, as the plaintiffs are informed and believe, have not recovered any judgment against said company, have begun and are now prosecuting numerous actions at law against certain other of these defendants as stockholders, to recover the amounts which they are respectively liable to pay in satisfaction of the debts of said company, by virtue of the act under which said company was incorporated. That numerous other creditors of said company have already successfully prosecuted similar actions against certain persons (not par-

ties to this action) who were liable as stockholders of said company to pay the debts due such creditors, including the debts due to these plaintiffs, and · have obtained from such stockholders payment in full of such debts, and have thereby deprived the plaintiffs of their ratable proportion of the sums which such persons were so liable to contribute toward the debts of said company." .

The relief demanded was: " (1.) That all the creditors of said company for whose debts the defendant stockholders are liable may, when ascertained, be made parties to this action, and may be entitled to all the benefits thereof.

" (2.) That discovery may be had of those persons (not parties to this action) who are stockholders of said company, and who are liable to pay the debts of the plaintiffs, or any part thereof, and of such other creditors as may be made parties hereto, and also of those stockholders (not parties to this action), who are liable to pay any sum on account of any unpaid subscription for the stock of said company, and, when ascertained, that such persons be made parties to this action.

" (3.) That the sums which said several defendants, stockholders in said company (including those stockholders who may be hereafter discovered), are liable to pay, may be ascertained and appropriated to the several debts of the plaintiffs, and of such other creditors as may become entitled to share in the fruits of this action, and if the moneys so obtained are not sufficient to pay the debts of the plaintiffs and of said other creditors in full, then that said moneys, less the costs and expenses of this action, be apportioned and distributed among the plaintiffs, and said other creditors, according to their several respective rights and interests.

" (4.) That the defendants [naming them], and all other persons claiming to be creditors of said company, may be severally restrained and enjoined from further prosecuting any suit or proceeding at law against any

stockholder of said company, as such, to recover the amount of any debt due from said company, and from collecting any judgment in any such suit.

"(5). That the plaintiffs have such other and further relief as in the premises may seem just, with the costs of this action."

To this complaint, the defendant, Nelson Smith, a creditor of the corporation, and plaintiff in a pending action for his claim against one of the defendants herein, as a stockholder, demurred upon the grounds: (1.) That the facts stated were insufficient to constitute a cause of action; (2.) For defect of parties plaintiff, in that the action "is brought by the plaintiffs in their individual capacity on their own behalf, and not by the plaintiffs in behalf of themselves and all other creditors similarly situated, who were willing to come in and take the benefit of the suit. That the action under the present system of practice, is commenced by the service of a summons, and that the character in which the plaintiff sues must be indicated in the summons by which the action is commenced, and must appear in the title of the action."

*Nelson Smith,* in his own behalf, for the demurrer.

*Olin, Rives & Montgomery,* for the plaintiffs, opposed.

PATERSON, J.—Upon the argument of this cause the grounds of demurrer were reduced to two. The first is an alleged defect of parties plaintiff. The specification of this ground made in argument is that the cause is not entitled as one brought in behalf of the plaintiff and all others similarly situated. This is a criticism affecting form rather than substance, for, immediately after the names of parties in the title, and before any substantial averment is made, there appears on the face of the complaint the following: " The plaintiffs above named (by their attorneys), suing on behalf of themselves and of all

other creditors of the American Opera Company (Limited)·
who may be similarly situated with these plaintiffs,
allege;" and then follows the statement of facts constitut-
ing the cause of action.   This I conceive to be sufficient
to indicate the distinct character of the suit.   Reference
was made on the argument, to the summons, and that it
does not show that the plaintiffs sue otherwise than solely
for themselves ; but the summons cannot be before the
court on a demurrer.   If the complaint does not conform
to the summons, there is another and appropriate remedy
open to the defendant.

The second ground of demurrer is, that the complaint
does not state facts sufficient to constitute a cause of
action.

Considering the suit as one brought on behalf of the
plaintiffs now named on the record, and all others simi-
larly situated who may come in and adopt it, the complaint
contains averments of the existence of two separate
classes of stockholders' liabilities, which may be reached by
creditors standing in the same situation as the present
plaintiffs do, and from which may be realized a fund for
the satisfaction of the demands of such creditors.   They
are : first, unpaid balances of stock subscriptions; and
secondly, liability of stockholders for debts according to
the provisions of the act of the Legislature under which
the American Opera Company (Limited) was formed.   It is
further alleged that certain creditors have recovered
judgments, and others have commenced suits against
stockholders; but who all the stockholders are, and in
what amount they are or are claimed to be liable, the
plaintiffs do not know, and they pray a discovery as to
who are creditors and stockholders, and that they may
be made parties (in addition to such as are now known
and made parties), and that an injunction may issue against
such creditors as have brought suits restraining the prose-
cution thereof, and against other creditors from bringing
suits, and for appropriate relief respecting the adjustment

of stockholders' liabilities and the application of moneys realized thereon to the payment of creditors, and for general relief.

The action is based undoubtedly upon what was decided in Pfohl *v.* Simpson (74 *N. Y.* 137). Since that decision, it must be considered as settled that a court of equity has jurisdiction to entertain a suit where it is made to appear that many claims are being prosecuted, or are about to be prosecuted, against a fund liable in equal degree to all those who have so prosecuted, or are about to prosecute, and to others, and that in such an equity suit the court may enjoin actions pending at law, and restrain the bringing of other actions, and that the rights of creditors to the fund may be ascertained and enforced. In the case referred to, the fund was, as here, a liability of stockholders for unpaid subscriptions, and a liability of stockholders for debts of the company under a statute. From the enforcement of these two liabilities arises the fund in which the creditors are interested in equal degree.

The strength of the argument in support of the demurrer is in the contention that by allowing an injunction against the defendant Smith, he is cut off from a remedy given to him by law, and which he is entitled to follow, and that no other remedy is afforded him, and that by bringing him into this suit he may lose a large part of his claim, all of which he might realize by the prosecution of his individual action against those made liable to him by the terms of the statute.

It was at one time believed that the liability of shareholders under section 10 of the Manufacturing Act of 1848 (it is conceded that the liability under the act authorizing the formation of the American Opera Company is the same) for the debts of the corporation was to creditors jointly, and the point was not entirely set at rest until the decision of the court of appeals in Weeks *v.* Love (50 *N. Y.* 568); aff'g 33 *Super. Ct.* [*J. & S.*] 397. It was there held that the right of a creditor to sue one

or more stockholders was several and not joint, but it was also held that "the personal liability of stockholders under the act may be enforced in an equitable action against all the stockholders." In Pfohl *v.* Simpson (*supra*), Judge Folger, citing Weeks *v.* Love, stated what was there decided on the point alluded to, and says: "When equitable jurisdiction to this extent is declared, then follows the other jurisdiction of equity to restrain separate and individual actions at law in the same or another court, and to bring all proceedings into one suit and all parties into one tribunal." (Erie Railway Co. *v.* Ramsey, 45 *N. Y.* 637).

The authorities above cited furnish a very plain statement of the theory of suits of this character. Equity will take hold of these liabilities of stockholders and administer them for creditors to produce equality in distribution among creditors ranking in the same degree. The proper way to attain the object is for one or more creditors to bring a suit in which all others of the same class of creditors may join. Stockholders are brought in, that the extent of their liability may be fixed and the amount thereof realized; creditors are brought in that their claims may be investigated, established and paid, and thus a multiplicity of suits be avoided and wasteful litigation be prevented. The fallacy of the defendant's contention is in the assumption that the right to sue the stockholder is exclusively that of creditors individually, and that such suits can be brought only by qualified judgment creditors whose remedies against the corporation have been exhausted. If this were so, then the individual creditor would have a clear right to bring, control and prosecute to the end his individual suit, and a court of equity could not interfere with the enforcement of his plain legal right. But the individual creditor has no such absolute, exclusive right. The liability of stockholders is a fund in equity for all creditors, to be distributed ratably among those who are entitled to participation; and to preserve such fund, the

court will enjoin attempts to reach any part of it at law. In this action, all the necessary averments are set forth in the complaint.

The mere fact that some creditors have realized on suits against stockholders cannot affect the right to maintain the action. The fund sought to be reached is what remains unenforced of the stockholders' liabilities—that is, so far as this branch of the case is concerned.

It was strongly urged in argument that this action is brought in bad faith. There is nothing to indicate it on the face of the complaint, and it cannot now be regarded. If it be true that an attempt is being made on the part of some stockholders who are said to control this action to abuse the process of the court, and to accomplish wrong and oppression under the cloak of seeking equity, the court will, at the proper time, deal with such persons as they deserve; but at present we are passing merely upon a question of law.

The demurrer is not well taken, and there must be judgment thereon for the plaintiff, with leave to the defendant Smith to answer within twenty days on payment of costs.