THOMAS ROGERS, APPELLANT, *v.* ALONZO T. DECKER, RESPONDENT.

*Societies and clubs — chap. 368, Laws of 1865 — the liability of a trustee thereunder— is upon contract—a trustee must verify his answer— Code of Civil Procedure, sec. 523.*

The general act relative to the incorporation of societies or clubs (chap. 368, Laws of 1865) provides, in its seventh section, that the trustees of such a corporation shall be "jointly and severally liable for all debts due from said company or corporation contracted while they are trustees."

In an action brought to recover a debt owing by such a club, against a trustee thereof.

*Held,* that the liability created by the statute was in its nature one on contract, and was not penal.

That the obligation of the trustee is an original one, and is concurrent with the liability of the corporation.

That, therefore, in such an action, the defendant is not excused from verifying his answer, under section 523 of the Code of Civil Procedure, which excuses a party from making such verification where he would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading.

*Hall* v. *Siegel* (7 Lans., 206) explained.

APPEAL by the plaintiff Thomas Rogers from an order, made at the New York Special Term on the 9th day of October, 1891, granting the defendant's motion to compel the plaintiff to accept an unverified answer in this action.

*James C. Murray,* for the appellant.

*James B. Dill,* for the respondent.

BARRETT, J.:

This action is brought against the defendant to recover a debt due by the Hoboken Turtle Club, of which he was a trustee. The club

is a corporation, created under the act of 1865 (chap. 368), " for the incorporation of societies or clubs for certain social and recreative purposes." By the seventh section of this act the trustees of any corporation organized under its provisions are made jointly and severally liable for all debts due from the corporation contracted while they are trustees, provided said debts are payable within one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable. The present action is brought under this provision, and the defendant served an unverified answer upon the theory that the action was in its nature penal. The plaintiff refused to receive this unverified answer, but the court at Special Term compelled him to do so, holding with the defendant that the action was penal and that the plaintiff must, therefore, accept the answer. We think this view was erroneous, and that the action was in its nature *ex contractu.* The trustees are, by the provision to which we have referred, made primarily liable for the debts of the company. This liability is not because of any act of omission or commission on their part, but simply because they are members of the corporation and have assumed the responsibilities imposed upon such members as choose to accept the position of trustees. The nature of the liability with which the stockholders of a corporation are charged, pursuant to a somewhat similar provision in an act of corporation, was exhaustively considered in *Corning* v. *McCullough* (1 N. Y., 47). It was there held, upon cogent reasoning, that where the charter of an incorporated company provides that the stockholders shall be liable for its debts    *    *    *    such stockholders are liable in an original and primary sense, like partners or members of an unincorporated association, and their liability is not created by the statute of incorporation. " The ground of the action," as was said in that case, " is the individual liability of the defendant to pay for merchandise sold and delivered to a company of which he was at the time a member." The present act of incorporation shields all the members of the company (except those who have accepted the position of trustees) from their common-law liability as joint debtors. The members who become trustees, however, are specially excepted, and as the act does not exempt them from individual responsibility, their liability is original and concurrent

with that of the corporation. This distinction between an original contract obligation and a liability imposed by statute for disobedience of its requirements is referred to in *Gadsden* v. *Woodward* (103 N. Y., 244), and was clearly pointed out in *Wiles* v. *Suydam* (64 id., 173). In the latter case CHURCH, Ch. J., said: " The cause of action against the defendant as a stockholder, consists of the debt and the liability created by statute against stockholders when the stock has not been paid in and a certificate of that fact recorded. In effect, the statute in such a case withdraws the protection of the corporation from the stockholders, and regards them liable to the extent of the amount of their stock as copartners."

The case of *Hall* v. *Siegel* (7 Lans., 206), is cited as an authority for the opposite view. But the question now under consideration did not arise in that case, and was not before the court. What was actually determined in that case was that the trustees were liable only upon condition that a suit to enforce their liability should be brought within one year after the debt became due and payable. It is true that the court based this construction upon the assumption that the statute was in its nature a penal one. But the remark of the learned justice to that effect was purely *obiter*, and was inconsistent with the previous observation that the trustees were made *primarily* liable for the debts. The affirmance of that judgment in the Court of Appeals, without an opinion (53 N. Y., 607), is authority only for what was actually decided, certainly not for mere observations which are in conflict with the deliberate judgment of the appellate court in other cases.

We think, therefore, that the defendant was not privileged, and that he could not omit the usual verification of an answer.

The order appealed from should be reversed, with costs and disbursements, and the motion to compel the plaintiff to accept the unverified answer denied, with costs, with leave, however, upon payment of these costs, to apply to the court for permission, upon such terms as may be just, to serve a verified answer, such motion to be made within ten days of service of order to be entered herein.

VAN BRUNT, P. J, and BARRETT, J., concurred.

So ordered.