(8 App. Div. 581)

BAGLEY & SEWALL CO. v. EHRLICHER et al.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1896.)

INJUNCTION—AGAINST ACTION AT LAW—ENFORCING LIABILITY OF STOCKHOLDERS.
   A creditor of an insolvent corporation, who, after dissolution, brings an action against the stockholders in behalf of himself and all others similarly situated, who will come in and share the expense, to ascertain the liability of each stockholder, and to compel each one to pay his just share of the debts, may enjoin other creditors from suing stockholders at law.

Appeal from special term, Jefferson county.

Action by the Bagley & Sewall Company against Charles Ehrlicher and others, for an injunction. From an order vacating an injunction granted by the county judge, restraining defendant creditors of the Globe Paper & Fiber Company from commencing actions against the stockholders of said company, and from prosecuting actions already begun, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Elon R. Brown, for appellant.
Purcell & Carlisle, for respondents.

WARD, J. The plaintiff is a manufacturing corporation, organized under the laws of this state, having its principal office at Watertown, N. Y. In the latter part of 1895, and in the forepart of 1896, the Globe Paper & Fiber Company became indebted to the plaintiff for work and labor done, and merchandise sold and delivered, in the sum

of $858.78.    The Globe Paper & Fiber Company was a manufacturing corporation, created under the laws of this state about April 27, 1894, and transacted its business at Brownsville, N. Y., until February 25, 1896, when it was dissolved as insolvent, under a judgment rendered against it in an action by the people of this state, and a permanent receiver was appointed to distribute its assets to those entitled thereto.    Such assets would pay about 50 per cent. of the unsecured indebtedness of the concern.    The usual injunction in such cases had been granted, restraining its creditors from commencing or maintaining actions against it to recover their debt.    This injunction was served upon the plaintiff.    There were upwards of 100 creditors of the Globe Paper & Fiber Company whose claims were unpaid.    The capital stock of the concern was fixed and limited at $300,000, composed of 3,000 shares, of $100 each.    Twenty-two hundred and sixty-nine shares were issued, and a large percentage of the stock issued was not paid up either in part or in whole, and a large portion of the same was issued for fictitious values, no real value having been received therefor by the corporation; and the stock so issued was issued before the incurring of the debt of the plaintiff or the other debts now outstanding and due from or by the company.    About 15 creditors have brought separate actions at law against the stockholders to recover their debts, representing the aggregate amount of claims of $100,000.    Many more actions are liable to be brought.    Twenty-nine stockholders hold the 2,269 shares issued.    There are many transfers of stock during the period when the debt of the plaintiff, and other outstanding debts of the company, and for which the stockholders have an individual liability, were incurred; and the debts, or parts of debts, were incurred at different times, and the liabilities on stock are in some instances divided as to such debts between two or more stockholders, and some of the stockholders are insolvent.    This action is brought on behalf of the plaintiff and all other creditors of the Globe Paper & Fiber Company similarly situated, and who will come in and share the expenses of this action, against 44 defendants, being the said stockholders and the plaintiffs who had brought actions against them at the commencement of this action; and the relief demanded in the complaint was to the effect that an accounting be had as to the liability of each individual stockholder in the dissolved corporation for the debts thereof in the actions already instituted, and such stockholders as might thereafter be brought in; and that said stockholders shall pay and contribute the amounts, respectively, which it shall be ascertained they are justly liable for, sufficient to pay the debts of the plaintiff and all such persons as should join as plaintiffs in this action; for an injunction; and for further relief.    The learned justice at special term directed that the injunction obtained from the county judge of Jefferson county be vacated, with $10 costs of motion, without prejudice to any defendant stockholder to move for an injunction in any proper action or proceeding brought by such stockholder or stockholders.

It will be seen that this is an action in equity to adjudge in one action the rights of the creditors and the liabilities of the stock-

holders in this dissolved corporation, in order to avoid a multiplicity of actions, and the wasting of the property of the stockholders in a large number of litigations, incurring a large amount of costs. Owing to the peculiar circumstances indicated by the moving papers and the complications arising from conflicting interests, it would seem very desirable that the rights, interests, and responsibilities of the stockholders and creditors should, if possible, be adjusted in one action. The power of the court in this action to restrain the actions at law against the stockholders cannot be doubted. Courts of equity have exercised that jurisdiction from time immemorial. The cases in this state sanction it. Railway Co. v. Ramsey, 45 N. Y. 637; Pfohl v. Simpson, 74 N. Y. 137; Cochran v. Opera Co., 20 Abb. N. C. 114; Bank v. Goddard, 131 N. Y. 494, 30 N. E. 566. Pfohl v. Simpson, just cited, was an action brought by a creditor of the People's Safe Deposit & Savings Institution, organized under the act (chapter 816, Laws 1868), in his own behalf and that of other creditors, against the stockholders of said company, the assignee in bankruptcy, and such creditors as had brought actions at law to collect of said stockholders the sums for which they were liable under the provisions of sections 13 and 14 of that, act, to distribute the same among the creditors, and to restrain the prosecution of said actions at law. The action was held to be well brought. It was further held that the fact that by said provisions the stockholders were made severally liable did not preclude the attaching and exercise of this equitable jurisdiction. This case, in principle, is analogous to the one at bar, and affords complete justification for its maintenance, as is also the case of Bank v. Goddard, supra. The liability of the stockholder for the debts of the corporation under the stock corporation law (Laws 1892, c. 688, § 54), is a legal liability; and no reason can be urged why the equitable power of the court, such as is sought in the action at bar, should not be exercised as well as in other legal actions, such as were restrained in the case cited.

The learned justice at special term seems to have reached the conclusion that the injunction should have been sustained in the case before us had it been obtained by a stockholder. It is difficult to conceive, if a stockholder is entitled to an injunction, why a creditor is not. In this case none of the stockholders had answered at the time of the dissolution of the injunction. Seven of them had appeared, and moved for its dissolution, and the affidavits presented by them, which were embraced in their motion papers, did not materially contradict or vary the case made by the plaintiff's papers upon which the injunction was obtained; and in the replying affidavit of the plaintiff's attorney, read upon the motion, it appears that, since the commencement of this action, other creditors than the plaintiff, holding undisputed claims against the defendants for upward of $2,500, have arranged with the plaintiff's attorney to come in as plaintiffs in this action, and to share the expenses thereof; that, at the time of the making of said affidavit (April 4, 1896), 25 actions had already been brought by the creditors of the Globe Paper & Fiber Company against single stockholders of the said company, and, among such actions, 5 thereof were brought by the Watertown Press Brick Com-

pany against 5 several stockholders of the said company, on a claim of $90.40; and that many other claims sued upon were moderate in amount.     So it appears that between the granting of the injunction, March 24, 1896, at the time of the commencement of this action, when 15 stockholders were made defendants, and the dissolution of the injunction, on the 4th of April following, 10 new actions had been instituted against the unfortunate stockholders.     The fact that the law permits the creditor of the corporation holding a small claim to bring actions against any number of its stockholders, individually and separately, and to pursue them until he obtains the satisfaction of his debt out of some one of them, is liable to great abuse, and affords, in a proper case, a strong reason for the exercise of the equitable jurisdiction invoked in this action.

We have reached the conclusion that the order dissolving the injunction herein should be reversed, with $10 costs and disbursements of this appeal.     All concur.