### MARSH v. KAYE et al.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

1. CORPORATIONS—LIABILITY OF DIRECTORS—ENFORCEMENT AT LAW.
   Under Membership Corporation Law, § 11, making directors "jointly and severally" liable for debts contracted while they are directors, if the action against them to recover the amount unsatisfied against the corporation be commenced within one year after return of execution unsatisfied, the liability is primary, and must be enforced by an action at law.

2. SAME—AMENDMENT OF COMPLAINT.
   Refusal to permit amendment, after dismissal of a complaint to hold trustees of a defunct corporation liable, so as to change the action to one for an accounting against the receiver, is not error; the original complaint containing no allegation as to assets in the receiver's hands, or asking any relief as against him.
   McLaughlin, J., dissenting.

Appeal from special term, New York county.

Suit by William F. Marsh against Sol L. Kaye and others, impleaded. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry D. Hotchkiss, for appellant. ·
Harold Nathan, for respondents.

INGRAHAM, J. The action was in equity, the complaint asking for equitable relief only. The plaintiff sues on behalf of himself and all other creditors of the Ladies' Deborah Nursery & Childs' Protectory, a corporation organized under chapter 319 of the Laws of 1848, providing for the incorporation of benevolent and charitable, scientific, and missionary societies. The complaint alleges that the plaintiff's assignor sold and delivered to the said corporation certain goods, wares, and merchandise, for which there remains due and

owing to the plaintiff, as assignee, a sum of money in excess of
$3,600; that certain of the defendants at the time of contracting
the indebtedness were trustees or directors of the said corporation,
and as such were jointly, severally, and individually liable to plain-
tiff's assignor and to all other creditors of said corporation; that,
within less than one year after the sale and delivery of the said goods
to the said corporation, proceedings were commenced for the volun-
tary dissolution thereof, and that in such proceedings a temporary
receiver of the corporation was appointed, and an order was entered
enjoining and restraining all persons from commencing any suits
or proceedings against the said corporation, which injunction re-
mained in full force until the final dissolution of the said corpora-
tion, and that subsequently such final order was entered by which
the said corporation was dissolved; that various defendants named
were creditors of said corporation, for whose claims the said defend-
ant directors aforesaid were and are personally liable.  And the
plaintiff asks judgment that all creditors of said corporation for
whose debts the directors or managers were liable may, when ascer-
tained, be made parties to this action; that all parties who are not
parties to the action, who are directors or managers of said corpora-
tion, and who are liable to pay the debt of the plaintiff or any part
thereof, or of any other creditors who may be parties, may be made
parties defendant; that the sums which the said several defendant
directors or managers are liable to pay may be ascertained and ap-
portioned to the several debts of the plaintiff and of such other credit-
ors as may become entitled to share in the fruits of the action; and
that the defendant creditors of the corporation and all other persons
claiming to be creditors may be severally restrained and enjoined
from further prosecuting any action or proceeding at law to recover
the amount of any debt or any part thereof due from said corpora-
tion, and from collecting any judgment in any such action, and for
other relief.  There is no allegation that a permanent receiver had
been appointed in the dissolution proceedings, or that the tempo-
rary receiver had any property of the corporation in his possession.
The receiver is not asked to account, nor is any personal judgment
asked for by the plaintiff, as against any of the directors or trustees
of the corporation, for the recovery of his demand against the cor-
poration.

The liability of the directors of this corporation for the debts there-
of is based upon section 11 of the membership corporation law, which
provides:

"The directors of every membership corporation  *  *  *  shall be jointly
and severally liable for any debt of the corporation contracted while they are
directors, payable within one year or less from the date it was contracted, if an
action for the collection thereof be brought against the corporation within one
year after the debt becomes due, and an execution issued therein to the county
where its office is, or where a certificate of its incorporation is filed, be re-
turned wholly or partly unsatisfied, and if the action against the directors
to recover the amount unsatisfied be commenced within one year after the
return of such execution."

The court below dismissed the complaint upon the ground that
"the liability of the several directors is a primary liability, and en-

forceable in an action at law, and that the action, as brought, cannot be maintained in a court of equity."

By the act of 1848, under which this corporation was organized, the trustees of the corporation present at any meeting authorizing the contracting of any debt, and acquiescing in the passage of any resolution or order authorizing the same, were made jointly and severally liable for any such debt, provided a suit for the collection of the same were brought within one year after the debt became due and payable. This provision continued until the enactment of the membership corporation law, when the same liability was continued, except that a condition was imposed requiring that an action for the collection of such indebtedness must be brought against the corporation within one year after the debt became due, and an execution issued therein, returned wholly or partly unsatisfied. The liability of the directors of the corporation, however, was the same,—based upon the fact that the directors and trustees of such corporation were liable for its indebtedness contracted while they were in office. The original statute conditioned the liability upon the commencement of an action to recover the amount of the indebtedness within one year after such indebtedness was incurred. The amendment, in addition, conditioned it upon the commencement of an action against the corporation within one year after the indebtedness was incurred, and the return of an execution therein wholly or partly unsatisfied, and the commencement of an action against the directors within one year after the return of such execution unsatisfied. Thus, the principle upon which the liability of the directors existed was not different from that upon which it existed under the act of 1848, and the adjudications as to the nature of that indebtedness would apply to an indebtedness under the provisions of the general membership corporation law in question.

In Corning v. McCullough, 1 N. Y. 53, the action was brought to recover an indebtedness due from a corporation of which the defendant was a stockholder. The law applicable in that case provided "that the stockholders of the corporation shall be jointly and severally personally liable for the payment of all debts and demands contracted by the corporation," but that, before any suit should be commenced, judgment must be obtained against the corporation, and an execution issued thereon and returned unsatisfied. In discussing the nature of the individual liability of the stockholders, the court say:

"If that company had been a voluntary unincorporated association of individuals, using the name of the Rossie Galena Company in its operations, his [the defendant's] liability for its engagements would have been clear; and his defense, in point of form, to an action against him solely for a debt of the company, would have been the nonjoinder of his associates with him in the action. How has the act of incorporation in this case shielded the stockholders from that responsibility for the debts of the company, which, acting without it, they would have incurred? It is not a general, unqualified incorporation of the company, imparting to the stockholders and members composing it, as a legal consequence, an exemption from personal liability for the debts and engagements of the body corporate. It is a legislative grant of a special, qualified corporate capacity, with adequate plenary powers for the purposes of its institution, but with the personal liability of the stockholders for the

debts the company shall contract, and the liabilities they shall incur. The statute, at the same time that it incorporates the company, and thereby enables them to contract debts in their corporate names, provides that the stockholders who compose the company, and for whose use and benefit purchases are made and debts contracted, in their corporate name shall, notwithstanding their incorporation, be jointly and severally personally liable for the payment of all debts or demands contracted by the company, and that any person having any demand against the corporation may sue any stockholder, director, or directors in any court having cognizance thereof, and recover the same, with costs. * * * If, then, the incorporation of this company does not shield or exempt its corporators and members from individual responsibility for the debts and engagements of the company, but leaves them, under the common-law liability, as partners or joint debtors for those debts and engagements, must it not follow that the defendant, McCullough, he being a stockholder in the Rossie Galena Company at the time the debts of that company to these plaintiffs was contracted, became, on the consummation of the contract by the delivery of the goods to the company, liable for the payment of the debts contracted thereby? * * * When, therefore, the plaintiffs sold and delivered their merchandise to the company whereof the defendant was a stockholder, they acquired a right —of which nothing could devest them—to the liability of the defendant for the payment of the price of the goods; and the defendant incurred the obligation to answer and pay the debt thus contracted. The creditors were, it is true, required by the tenth section of the act of incorporation first to obtain judgment against the corporation (unless previously dissolved) for their demands, and to cause execution to be issued thereon, which was to be returned unsatisfied, in whole or in part, before they commenced their suit therefor against the individual stockholder on his personal liability. But this provision does not affect the right of the creditor to the personal liability of the stockholder for his debt, nor the obligation of the stockholder to pay the same; nor does it prevent the liability of the stockholder to the creditor from attaching and becoming perfect on the consummation of the contract of the creditor with the corporation. It simply defers the remedy by action upon that responsibility until the remedy at law against the corporation shall be exhausted, or the corporation shall have been dissolved."

This same question was presented to the general term of the supreme court, and to the court of appeals, in Rogers v. Decker, 62 Hun, 15, 16 N. Y. Supp. 407; Id., 131 N. Y. 490, 30 N. E. 571. This case arose under chapter 368 of the Laws of 1865, which contains a provision substantially like the section of the membership corporation law in question. Mr. Justice Barrett, in delivering the opinion of the court at general term, said:

"The trustees are, by the provision to which we have referred, made primarily liable for the debts of the company. * * * The present act of incorporation shields all the members of the company (except those who have accepted the position of trustees) from their common-law liability as joint debtors. The members who become trustees, however, are specially excepted, and, as the act does not exempt them from individual responsibility, their liability is original and concurrent with that of the corporation."

Upon appeal to the court of appeals the order was affirmed, and Judge Finch, in speaking of the opinion of the general term, says:

"It shows that in such case the liability is not so much created by the statute as retained and preserved under the corporate form; that but for the latter the stockholders would have been liable as partners, and the statute continued that primary and original liability until the requisites of a corporate exemption were fully supplied. The opinion further distinguishes * * * between such a cause of action and one founded upon a statutory provision which makes officers liable for failure to file a report, or for its falsity. * * * In one case the original and primary liability of the members of the association, which would have existed but for the incorporation, is, as to some of them,

retained and perpetuated, notwithstanding the incorporation; in the other, that primary liability has been lost and destroyed by force of the completed incorporation, but is created anew by the statute, in the form of a penalty for specific acts of disobedience. Under the statute of 1865 no new liability is created; a primary and original obligation is continued and retained."

Thus, when this corporation was organized, the primary obligation of all its members—except those who accepted the position of trustees—for debts of the company, which would have existed but for the fact of the incorporation, was barred; but the members who became trustees, being excepted by the provisions of the statute which incorporated the company, were not exempted from this primary obligation for the debts of the company created while they were trustees. Such individual liability for such debts continued as if they had not become incorporated, and thus was original and concurrent with that of the corporation. By the enactment of the membership corporation law, which repealed the act of 1848, this provision of the act of 1848 was substantially re-enacted, another condition being added to the enforcement of the individual liability against the directors or trustees which had been reserved by the act of 1848. By section 32 of the statutory construction law (Laws 1892, c. 677), it is provided that the provisions of a law repealing a prior law, which are substantially re-enactments of provisions of the prior law, shall be considered as a continuance of such provisions of the prior law, and not as new enactments. Thus, the provision limiting the exemption from liability so that directors or trustees of a corporation should not be exempt from such liability for debts of the corporation has continued in force from the time the corporation was organized down to the time the indebtedness was incurred, and when this indebtedness was incurred the directors or trustees of this corporation became liable with the corporation for such indebtedness. That liability, however, could not be enforced until after a judgment had been obtained against the corporation, and an execution thereon returned unsatisfied in whole or in part. Such being the nature of the obligation of these defendant directors, how could that obligation be enforced? There would seem to be no doubt that each creditor of the corporation had a cause of action, jointly or severally, against the directors who occupied that position at the time the obligation was incurred by the corporation. That cause of action would be the same as a cause of action against the directors if they had been members of a voluntary association who had transacted business in the name of the association, except that the statute provides that they shall be jointly and severally liable, instead of jointly liable, as in such a case. The statute has changed this joint liability to a joint and several one, and that the legislature had such a power was expressly decided in Corning v. McCullough, supra. The relation, therefore, of these directors to a creditor, was simply the relation of joint and several debtors, from whom the creditor was entitled to recover the amount of his demand by action at law. This being so, it would seem to follow that as the plaintiff had an adequate and complete remedy at law to recover the amount of money due him from these directors, who were

his debtors, and in that action could obtain complete relief, no cause of action in equity existed which would entitle him to implead all other creditors of the corporation with all the debtors who were liable to such creditors for the amount of their claims against the corporation, for the purpose of settling the total amount of such indebtedness in one action. No possible ground suggests itself for the necessity of such an action. If the plaintiff's debtors refuse to pay him the amount which they owe him, he has his remedy at law to collect the amount of the indebtedness. It is no business of his whether other creditors of the same debtors do or do not prosecute their claims, nor can he be benefited or injured in any way by the prosecution of such claims, nor have the other creditors any interest in the recovery by the plaintiff of his claim against his debtors; and nothing alleged in this complaint would justify the court in restraining these other defendants from prosecuting their claims at law, as they have a right to do. The fact that these trustees are debtors of this plaintiff does not authorize him to interfere and prevent other creditors of the same debtors from prosecuting their claims by lawful means against the debtors, and this, in effect, is all that this action seeks to accomplish. This plaintiff is not entitled to have the moneys that are collected upon the claims of the other creditors recovered in this action, and applied to the payment of his indebtedness; nor has he the right to interfere in any way with the collection by the other creditors of this corporation of their demands against any person or persons who are liable therefor. The distinction between this case and those in which a limited liability is imposed upon stockholders, and where the fund created by such liability is applicable to the payment of all the debts of the corporation, is apparent. In such cases the legislature created a fund which should be applied to the payment of the corporate debts, and it is apparent that to create and administer that fund a resort to a court of equity is essential. In this case no liability is imposed for the purpose of creating a fund for the benefit of all creditors of the corporation, nor would all the creditors be entitled to share in the liability imposed upon the directors, but the directors are made primarily responsible to each creditor of the corporation, where the indebtedness is created during the directors' term of office. It therefore seems to me that no cause of action is alleged in the complaint for which a court of equity could give the plaintiff any relief, and the court quite properly refused to entertain the case.

It does not appear by the record that the plaintiff claimed upon the trial that he was entitled to have this action treated as an action at law to recover his demand against the directors. As no such claim was made on the trial, the court certainly was not bound, of its own motion, to continue the action for that purpose; and, even conceding that the plaintiff would have been entitled to have the cause continued for that purpose, we would not be justified in reversing the judgment. Nor does this appeal from the order denying the plaintiff's motion to amend the complaint present any question for review. That motion was not made until after the case had been de-

cided by the judge at special term, and the complaint dismissed. The amendment, if allowed, would have created a new cause of action, namely, an action against the receiver for an accounting, which was entirely foreign to the cause of action which was presented by the complaint as originally drawn. As the complaint contained no allegation as to assets in the hands of the receiver, and asked for no relief against him, he was not required to answer it; and to allow an amendment upon the trial which would impose a liability upon the receiver, without giving him an opportunity of answering it, would have been entirely irregular and improper. In this view of the case, it is not necessary for us to consider the point, raised by the defendants, that, as no judgment has been obtained against the corporation within one year from the date of the incurring of the indebtedness, no cause of action existed as against the directors.

We think the judge below was right in dismissing the complaint, and it follows that the judgment must be affirmed, with costs. All concur, except McLAUGHLIN, J., dissenting.

McLAUGHLIN, J. (dissenting). The learned justice at special term at the opening of the trial, on motion of the defendants' counsel, dismissed the complaint on "the ground that the liability of the directors is a primary liability, enforceable in an action at law, and that an action as brought and as stated in the complaint cannot be maintained in a court of equity." Judgment was entered to this effect, and the plaintiff has appealed. My brethren have reached the conclusion that the question was correctly disposed of at special term, and that the judgment should be affirmed, but in this I cannot concur. The action is an equitable one, brought by one creditor of an insolvent corporation, in behalf of himself and all other creditors similarly situated who may become parties to the action, against the directors of the corporation, to subject them to the personal liability provided by section 11 of the membership corporation law. This provision of the statute provides that:

"The directors of every membership corporation shall be jointly and severally liable for any debt of the corporation contracted while they are directors, payable within one year or less from the date it was contracted, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due, and an execution issued therein, to the county where its office is or where a certificate of its incorporation is filed, be returned wholly or partly unsatisfied; and if the action against the directors to recover the amount unsatisfied be commenced within one year after the return of such execution."

The complaint contains a statement of the necessary facts to constitute a cause of action against the directors, except as to the recovery of a judgment against the corporation, the issue of an execution thereon, and the return of the same wholly or partly unsatisfied. But, as to such omission, it is alleged that a temporary receiver was appointed—of the corporation—in sequestration proceedings instituted by a majority of the directors, and that the order appointing him enjoined and restrained the plaintiff from commencing or prosecuting any action against the corporation for the recovery of his

claims, which order remained in force until the corporation was finally dissolved, and a permanent receiver appointed for all its assets. It also contains a statement that many of the creditors have begun or are about to begin actions in their own behalf against the directors severally to enforce this statutory liability, and that by reason thereof a great multiplicity of actions will be instituted, which will result in a great loss and expense, both to the creditors as well as to the directors, and in a waste of the moneys due from the directors to the said creditors. The receiver as well as such creditors are made parties defendant, and the latter are sought to be enjoined from commencing or prosecuting actions on their own behalf.

The liability of the directors under the statute referred to is, in principle, analogous to the statutory liability of stockholders for the debts of a corporation under the stock corporation law (Laws 1892, c. 688, § 54). That the liability of stockholders can be enforced in this state in an equitable action is so well settled by numerous decisions that the citation of authorities is unnecessary. Equitable jurisdiction to enforce the liability of stockholders is sustained, either because the liability provided for is a fund to which all the creditors have an equal right to resort (Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338; Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997), or else to prevent a multiplicity of actions (Pfohl v. Simpson, 74 N. Y. 137; Bank v. Goddard, 131 N. Y. 494, 30 N. E. 566; Cochran v. Opera Co., 20 Abb. N. C. 114; Bagley & Sewall Co. v. Ehrlicher, 8 App. Div. 583, 40 N. Y. Supp. 922). No good reason can be assigned why equitable jurisdiction ought not to be sustained to enforce the liability of the directors in the case at bar, to prevent a multiplicity of actions, as it is in actions against stockholders to enforce their liability. In Bagley & Sewall Co. v. Ehrlicher, supra, the court held that, when many creditors of an insolvent corporation have brought separate actions at law against stockholders who are severally individually liable for its debts, the supreme court has power, at the instance of a creditor suing on behalf of himself and all other creditors similarly situated, to secure an accounting and an adjudication as to the respective liabilities of the respective stockholders, to restrain creditors who have brought individual actions from the further prosecution of their actions, to the end that the rights of all the creditors and the liabilities of all the stockholders may be adjudged in one action. And the reason assigned by the court of appeals for sustaining the exercise of equitable jurisdiction in Pfohl v. Simpson, supra, is just as applicable in this case as it was in that. The court, speaking through Judge Folger, said:

"There is nothing in the provisions of the charter of this corporation, nor in any of the decisions which have been made upon analogous acts, which is inconsistent with the exercise in this case of the established jurisdiction of equity to forestall a multiplicity of actions by bringing all the litigation into its own grasp in one suit for a general accounting, and a complete adjustment of all the rights. It is in cases where many persons have claims, and are prosecuting or are about to prosecute them at law against one defendant or against a class of defendants or against a fund liable in equal degree to all those persons and to others, and thus there arises the fact or the probability of a mul-

tiplicity of actions, that this jurisdiction of equity attaches. It matters not whether the right of action to so many arises from general principles of law, or of particular provisions of the constitution or of statute. If the right exists, and is likely to be used so as to produce the mischief, the jurisdiction of equity arises and attaches. It is recognized in Weeks v. Love, 50 N. Y. 568, and cases are there cited to the effect that there may be an equitable action against all such stockholders, and that in a proper action the court may provide for the taking an account and enforcing the liability of all of them for the benefit of all the creditors entitled to share in the fund to be collected from such stockholders. When equitable jurisdiction to that extent is declared, then follows the other jurisdiction of equity to restrain separate and individual actions at law in the same or other courts, and to bring all proceedings into one suit, and all parties to one tribunal."

See, also, Bank v. Goddard, supra.

The avoidance of a multiplicity of actions is one of the recognized grounds of equity jurisdiction, and upon the facts stated in the complaint, and under the authorities cited, the equitable jurisdiction here sought to be invoked should have been sustained.

I am also of the opinion that the complaint was improperly dismissed for another reason. The debt which the plaintiff is seeking to compel the directors to pay was not contracted by them, and their only liability to pay the same or any part of it originated in, and depends upon, the statute. This liability, strictly speaking, is not based upon contract, but is created by statute. It is not primary, in any proper sense in which that term can be used, but is secondary; and its enforcement entirely depends upon the failure of the corporation, in the first instance, to pay and discharge its own obligations. It is not a general liability, but a special, qualified one, conditioned upon the failure of the primary or principal debtor itself to pay. The statute expressly provides that this liability cannot be enforced until the debtor has first procured a judgment against the corporation, issued execution thereon, and the same has been returned wholly or partly unsatisfied. After this has been done, an action may be maintained against the directors to recover, not the amount of the debt, but the amount of the judgment remaining unsatisfied. The directors are, in effect, made to guaranty, not the payment of all the corporate debts, but only such portions of them as may remain after the application of all the property of the corporation to the payment of its debts. Marshall v. Sherman, 148 N. Y. 26, 42 N. E. 419. The recovery of a judgment and the issue and return of an execution thereon having been made impossible without fault of the plaintiff, the plaintiff is not thereby deprived of his remedy against the directors. The law never requires an impossibility. But, before he can subject the directors to the liability created by the statute, he must apply towards the payment of the corporate debts all of the corporate assets. This the statute clearly contemplates. A permanent receiver having been appointed, this can only be done by compelling him to account. Until such accounting be had, and an application be made of the proceeds of the assets held by the receiver, it is difficult to see how a recovery can be had against the directors, because until then the extent or amount of their liability cannot be ascertained. The complaint is sufficient to enable the court to di-

rect an accounting, even without amendment. But the amendment asked for should have been granted. No one could have been injured by it. The receiver is an officer of the court, whose duty it is, under the authority and power of the court, to manage, protect, and care for the corporate assets, and to account to the court whenever called upon to do so. He represents the interests of all parties alike, as the arm of the court, and whatever he does is for the benefit of all. He is a party to the action, and as such interposed an answer. The complaint alleges his appointment, which is not denied. He presumptively holds assets, and, whether he does or not, his appointment and qualification are in and of themselves sufficient to require him to give an account of his proceedings. The answers of the different directors all allege that he holds assets for which he has not accounted, and those answers, so far as the receiver is concerned, should have been considered in connection with the complaint. But it is said that the plaintiff has not asked for a judgment directing the receiver to account. He has, as we have seen, made the receiver a party, and in his complaint he has stated the facts which show that he is entitled to an accounting; and, if the prayer for judgment is deficient in this respect, it is of no importance, because, an answer having been interposed by the receiver, the court can permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues. Code Civ. Proc. § 1207. "A plaintiff is not to be turned out of court, where an answer has been interposed, because he has asked for too much, too little, or for the wrong relief." Murtha v. Curley, 90 N. Y. 377. All the parties interested in the assets or property held by the receiver are before the court, and no good reason can be given why, in this action, his accounts should not be settled, the assets in his hands, after the payment of proper expenses, applied towards the payment of the corporate debts, and the directors held for the deficiency.

For these reasons, I am of the opinion that the learned justice at special term erred in dismissing the complaint, and that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.