WOHLFARTH v. NATIONAL EXPORT ASS'N OF AMERICAN MFRS. et al.

(Supreme Court, Special Term, New York County. November 27, 1907.)

PROCESS—AMENDMENT.

Where a summons showed plaintiff suing individually and alone, but the complaint showed him suing for himself and other stockholders of defendant corporation, under Code Civ. Proc. § 723, providing for the amendment of any process in furtherance of justice, on a motion to strike the complaint, decision would be reserved for five days from publication

of the memorandum decision to enable plaintiff to amend the summons to conform to the complaint, in default of which motion to be granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 230.]

Action by Rene Wohlfarth against the National Export Association of American Manufacturers and another. Motion to strike out the complaint, decision reserved to enable plaintiff to move to amend the summons, in default of which motion granted.

George Q. Collins, for the motion.
C. A. Mountjoy, opposed.

GIEGERICH, J. The motion asks to have the complaint stricken out upon the ground that it does not conform to the summons; the variance alleged consisting of the fact that in the summons the plaintiff appears as suing individually and alone, whereas in the complaint it is stated that he is suing in behalf of himself and all other stockholders of the defendant. In opposing the motion the plaintiff's attorney cites Cochran v. American Opera Co., 20 Abb. N. C. 114, Bauer v. Platt, 72 Hun, 326, 25 N. Y. Supp. 426, and Hilton Bridge Const. Co. v. Foster et al., 26 Misc. Rep. 338, 57 N. Y. Supp. 140, as authorities that the summons is correct in its present form. An examination of those cases will show, however, that the question under discussion was the sufficiency of the complaint against demurrer, and not of variance between the summons and complaint. In Cochran v. American Opera Co., 20 Abb. N. C. 114, 120, the court, after observing that the summons cannot be before the court on a demurrer, significantly adds that if the complaint does not conform to the summons there is another and appropriate remedy open to the defendant, apparently meaning thereby the remedy sought by the defendants by the present motion. See Tuttle et al. v. Smith, 14 How. Prac. 395, and cases cited; Shafer v. Humphrey, 15 How. Prac. 564. While I feel that the defendants' position is technically correct, the matter is chiefly one of form rather than substance. It would appear that a case is presented where the power of the court conferred by section 723 of the Code of Civil Procedure should be exercised.

In order that the whole matter may be before the court at one time, I will reserve decision upon the present motion for five days from the publication of this memorandum, to enable a motion to be made by the plaintiff to amend the summons to conform to the complaint. If such motion is not made, this motion will be granted, with $10 costs.