OTTO KENNGOTT, Plaintiff, *v.* ANNA E. KENNGOTT, Defendant.

(Supreme Court, Cattaraugus Special Term for Motions, October, 1921.)

Process — defective summons under new court rules — service set aside.

Where the summons served with the complaint was not in the form prescribed by the new court rules in effect since October 1, 1921, a motion to set aside the service of the summons will be granted.

MOTION to set aside service of summons

Grant E. Neil, for plaintiff.

Fred J. Blackmon, for defendant.

TAYLOR, J. The new court rules in effect since the 1st day of October, 1921, prescribe that a summons in a court of record must be " in substantially the following form, the blanks being properly filled:

" To the above named defendant: You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

" Dated            ."

The plaintiff served what purported to be a summons under the old Code form, serving with it a complaint. The old summons form did not include these words " or, if the complaint is not served with this summons, to serve a notice of appearance." These last quoted words were omitted from the summons served; but plaintiff contends that inasmuch as the complaint was served with the summons, which is conceded, the omission is immaterial and that, therefore, the summons is in substantially the form prescribed. There is, perhaps, much logical merit in the plaintiff's contention as applied to this particular case, but I feel that inasmuch as process is involved here and not a pleading the defendant's motion should be granted; for if it were held that any material part of this process might be omitted under certain circumstances a precedent would be established which might result in endless confusion and uncertainty.

Therefore, the defendant's motion to set aside the service of the paper purporting to be a summons herein is granted, with ten dollars costs.

Motion granted.