GIACOMO SICCARDI, Plaintiff, *v.* MICHELE AJELLO et al., Defendants.

(Supreme Court, Kings Special Term, November, 1921.)

Process — jurisdiction — when omission of certain words in summons not a jurisdictional defect — Civil Practice Act, § 105 — Rules of Civil Practice, rule 45.

> Under the liberal provisions of section 105 of the Civil Practice Act, the defect in a summons, which does not follow the form prescribed by rule 45 of the Rules of Civil Practice, is not jurisdictional.
>
> Where with a summons omitting the words " or, if the complaint is not served with the summons, to serve a notice of appearance," a complaint was actually served, such omission is not prejudicial and a motion by defendant, appearing specially, for judgment dismissing the complaint on the ground that the court had not jurisdiction over the person of the defendant, will be denied.
>
> A party may not in the same motion challenge the jurisdiction of the court over his person and also ask for judgment on the pleadings because of the insufficiency of the complaint.
>
> The power of the court to relieve against default extends only to default suffered in judicial proceedings before the court.

MOTION to dismiss complaint upon the pleadings under rule 106 of the Rules of Civil Practice.

Brower, Brower & Brower, for plaintiff.

John D. Armstrong, for defendant Temple Adath Israel of Coney Island.

BENEDICT, J. This is a motion by defendant Temple Adath Israel of Coney Island, appearing specially, " for judgment dismissing the complaint upon the pleadings, under Rule 106, Rules of Civil Practice upon the ground: 1. That the Court has not jurisdiction of the person of the defendant. 2. That the complaint does not state facts sufficient to constitute a cause of action; and for an order allowing the defendant herein named Temple Adath Israel of Coney Island, to pay into Court, if the same be refused by plaintiff the interest now overdue as alleged in the complaint of the plaintiff, either with or without interest on such interest, and either with or without costs and disbursements to date in the above entitled action; upon such payment the defendant Temple Adath Israel of Coney Island to be relieved of any default heretofore occurring, and for such other and further relief as to the Court may seem just."

It is evident that the moving party has misconceived the practice. It cannot in the same motion challenge the jurisdiction of the court over its person and also ask for judgment on the pleadings because of the insufficiency of the complaint; for to interpose its objection to the jurisdiction, it must appear specially, but it is not in a position to challenge the sufficiency of the complaint until it has appeared generally. See *Thorburn* v. *Gates,* 184 App. Div. 443, 444.

The notice of motion fails to specify the ground or grounds upon which it is claimed that plaintiff has failed to acquire jurisdiction of the moving defendant. I suppose it is because the summons follows the form prescribed by the late, lamented by some, Code

of Civil Procedure, rather than that prescribed by rule 45 of the Rules of Civil Practice. It is true that the summons is defective, but the defect is not, in my opinion, jurisdictional under the liberal provisions as to amendments and the disregard of errors contained in section 105 of the Civil Practice Act, whatever may have been the former rule on this subject. The complaint was actually served with the summons so that the omission from the summons of the words '' or, if the complaint is not served with this summons, to serve a notice of appearance,'' which appear in the prescribed form, cannot, as I have repeatedly had occasion to say, have prejudiced the moving defendant. If the complaint had not accompanied the summons I should have to hold differently.

I think that the complaint is defective in not duly alleging the service of notice and demand for payment of interest, so as to justify plaintiff in declaring the principal due; but for reasons already stated the moving defendant cannot avail itself of this defect on this motion.

As to the said defendant's motion for leave to pay the interest into court and be relieved of its default, I know of no such practice. The power of the court to relieve against defaults extends only to defaults suffered in judicial proceedings before the court, and it cannot in summary fashion or otherwise deprive a party of a right acquired under a contract.

Motion denied, without costs.

Since the publication of the foregoing in the New York Law Journal of November 19, 1921, my attention has been called to the decision of Mr. Justice Taylor in *Kenngott* v. *Kenngott,* 116 Misc. Rep. 569, in which he reaches the conclusion that a summons so

defective is void, and that service thereof should be set aside. I am unable to concur in his view. I was a member of the convention which framed the present Rules of Civil Practice, and as it happened I suggested the change in the form of summons which appears in rule 45. That change was adopted because the old form of summons, as prescribed by section 418 of the Code of Civil Procedure, did not correctly state what the defendant was required to do. It in terms required him to answer within twenty days after the service of the summons whether the complaint was served therewith or not, whereas by other sections of the Code, if the complaint were not served with the summons, the defendant need only serve a notice of appearance and demand a copy of the complaint within that time, and was not required to answer until twenty days after the service of the complaint. The new form of summons corrects this defect in the old form. If, under the present practice, the complaint be not served with the summons, the omission of the words above quoted might be prejudicial to the defendant. But where the complaint is served with the summons, it is too plain for argument that the defendant cannot be prejudiced by the omission.

It was clearly the intent of the Civil Practice Act and the Civil Practice Rules to eliminate from our practice, as far as possible, objections based upon merely technical grounds, where the substantial rights of the objecting party were not adversely affected. To this end it was provided in section 105 of the Civil Practice Act, that "At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omis-

sion, irregularity or defect must be disregarded.'' The same general intent is evidenced by the other sections of article 9 of said act, and by rule 166 of the Rules of Civil Practice. It is the duty of the courts to carry out these provisions and apply them in a spirit of liberality. This will tend strongly to promote the ends of justice and remove the stigma which, in the minds of laymen, is attached to our procedural law, that it operates to delay or defeat justice by technical rules.

Precedents based upon the Code of Civil Procedure or earlier practice acts are no longer controlling, because section 105 of the Civil Practice Act is a new section, differing in its language from section 723 of the late Code. But even under the former Code, there are cases where defects quite as serious as that in the present summons have been held not to be jurisdictional. *Gribbon* v. *Freel,* 93 N. Y. 93, 96; *Wohlfrath* v. *National Export Assn.,* 57 Misc. Rep. 137; *Sullivan* v. *Harney,* 53 id. 249; *Spruhn* v. *Brown,* 63 id. 46; *Sears* v. *Sears,* 9 Civ. Pro. R. 432; *Wiggins* v. *Richmond,* 58 How. Pr. 376. In *Gribbon* v. *Freel, supra,* a mistake in making a summons in an action in the Marine Court of the city of New York against a non-resident of the state returnable in six days instead of ten was held an irregularity merely, and amendable under section 723 of the Code of Civil Procedure. To the same effect is *Spruhn* v. *Brown, supra,* where a summons in an action in the City Court of the city of New York was made returnable in two days instead of six. In *Sullivan* v. *Harney, supra,* the omission of the street number of the office of plaintiff's attorney required by section 417 of the Code was held not to be jurisdictional.