SUSANNA B. TRAPP, PLAINTIFF, v. MILDRED J. BROWN. DEFENDANT.

Argued February 19, 1918—Decided June 6, 1918.

1. The enumeration of the character of income which may be reached by a garnishee execution (*Pamph. L.* 1916, *p.* 242) confines the assets reachable by such process to the personal earnings, trust funds and profits of the debtor and does not permit rents from real estate being reached thereby.
2. A judgment creditor should not be allowed an order for the issuance of a garnishee execution under *Pamph L.* 1916, *p.* 242, against the rents to come due from real estate owned by the defendant, since, under that act, the court only acquires jurisdiction to make such an order upon proof that the defendant is seized of no property subject to execution.

---

On motion to vacate execution.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the plaintiff, *Martin V. Bergen.*

For the defendant, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff having obtained a judgment against defendant for $710 damages, besides costs, and having issued execution against the defendant, presented a petition to one of the justices of this court, alleging the recovery of the judgment, and the issuing of execution, which was returned unsatisfied.

It further alleged that defendant is owner of a certain hotel property at Atlantic City, from which she receives at stated times the sum of $4,250 annually; that the installment of rent due June 15th, 1917, has not been paid, and she prays for an order directing the issuing of an execution against any sum in the hands of the agents collecting the rents due to defendant, from the tenant in possession of the premises. The order was made that such an execution issue, and providing that it be levied against "the debts and rents now due or hereafter to become due" from the said property "to the full amount thereof, until the amount of said judgment, with costs of this motion to be taxed, are paid; and also against the debts, if any due" (by the real estate agents), "to the defendant, to the full amount thereof until the amount of said judgment, with costs, are paid."

Thereafter notice was given in behalf of defendant for a vacation of the order, which motion now presents the proceedings to this court.

We think, under *Key* v. *Paul,* 61 *N. J. L.* 133, the matter is properly before us on this motion. The act which presents the basis for the proceeding is *Pamph. L.* 1916, *p.* 242, *ch.* 113, the title of which is anomalous. It provides for the issuing of an execution, by order of a judge or court, upon an unsatisfied judgment, after the return of an execution unsatisfied, "where any wages, debts, earnings, salary, in-

come from trust funds or profits are due and owing to the judgment debtor," or "shall thereafter become due and owing to him to the amount of $18 or more per week."

The act itself is in derogation of the procedure at common law and takes from a debtor and his creditors, regardless of priorities, property *in invitum* and without hearing or a notice thereof to creditors. The procedure, therefore, must be in strict compliance with the express requirements of the statute, and no intendment will be made to enable the court or a judge to assume jurisdiction, in the absence of the jurisdictional facts properly evidenced. *Sinnickson* v. *Johnson*, 17 *N. J. L.* 129; *Eayre* v. *Earl*, 8 *Id.* 359; *Adler* v. *Turnbull Company*, 57 *Id.* 62; *Westfall* v. *Dunning*, 50 *Id.* 459.

It is doubtful, to say the least, whether the act in question was intended to apply to a situation such as is presented here. While the petition alleges the return of the execution unsatisfied, the inquiry, nevertheless, arises why where the real estate from which this alleged revenue is derivable, is the property of the defendant, the writ of execution upon a proper levy should not produce the amount of the execution. No explanation of that jurisdictional fact is obtainable from the petition. So, that, upon its face the defendant is seized of real property which is subject to execution, and which, for some reason not explained by the record, is not subjected to a levy.

The mere formality of issuing an execution and having it returned *pro forma* unsatisfied, is not the jurisdictional fact which the statute requires, as *sine qua non* to a resort to this exceptional method of procedure.

There must appear from the petition as a jurisdictional fact that a *bona fide* effort to collect by execution had been made and failed before resort can be had to the provisions of this legislation.

The petition in this instance leaves it inexplicable, why a defendant confessedly seized of a valuable parcel of real estate, at Atlantic City, from which an income of $4,250 an-

nually is derived, should not, upon execution and levy thereunder, be forced to satisfy the judgment from the real estate.

The act under consideration must, as an act dealing with a cognate subject, be construed in *pari materia* with other acts dealing with the subject of executions. *Newark Bank* v. *Assessor*, 30 *N. J. L.* 13; *Farrell* v. *State*, 54 *Id.* 421.

Therefore, the proof required for the making of the order in question must, in the language of the act, be "satisfactory proof of such facts by affidavits or otherwise."

In *Githens* v. *Mount*, 64 *N. J. L.* 166, this court held that to warrant the making of an order of this character, in proceedings supplementary to execution, the petition must be supported by legal evidence. The present Chief Justice, writing the opinion, says: "The act requires proof of the facts upon which the application for the injunction is based, and 'proof,' when used in a legislative enactment, means legal evidence upon which judicial action may be rested." The cogent force of this requirement becomes particularly apparent upon the meagre facts presented by the petition, because, while it becomes manifest that the defendant is the owner of property amply capable of satisfying an execution, for the amount involved, it is nowhere explained whether the property is encumbered, or what the equity of the defendant therein may be. Nor is it made apparent whether other and prior lienors to this judgment creditor may not be entitled to a preference over this plaintiff, as to that particular fund.

The result may be that upon a mere *ex parte* application of this nature, without notice or hearing to any party in interest, the vested rights of prior lienors may be eliminated and in effect subverted.

In such a situation, a party whose interests would be injuriously affected might well insist that there was an absence of due process of law, and successfully invoke that provision of the fourteenth amendment of the federal constitution as a barrier to the deprivation of his rights. *Provident Inst., &c.,* v. *Mayor, &c., of Jersey City,* 113 *U. S.* 506; *Coe* v. *Armour Fertilizer Works,* 237 *Id.* 413.

A proceeding in discovery in aid of execution in accordance with the twenty-third section of the Execution act (*Comp. Stat.*, p. 2249) would obviate those contingencies and difficulties, and furnish the "satisfactory proofs" required by the act of 1916, as a basis for the order in question, in accordance with the determination in *Githens* v. *Mount*, *supra*.

We think, also, that fundamentally the proceeding is not warranted by the provisions of the act of 1916. As has been observed, it specifies the character of income, an order may be issued to reach, as "wages, debts, earnings, salary, income from trust funds or profits."

This enumeration manifestly confines the assets reachable by such process within a designation or classification which is limited to the personal earnings, trust funds and profits of the debtor. In no part of the act does it refer to real estate of the debtor, or rents therefrom, which terms at all times have borne a distinctive legal status and characteristic, and have been subject to the application of different legal principles, from those rules applicable to personal property; for, notwithstanding judicial refinements and statutory innovations the basic conceptions incident to *jus in rem* and *jus in personam* of the civil, feudal and common law still subsist as the fundamental characteristics of jurisprudence.

It will be presumed, therefore, that where the legislature in its enactment distinctly classifies one species of property, peculiarly personal to the debtor, and fails to enumerate another species, *non ejusdum generis,* and not distinctively personal to the debtor, that its omission of the latter species was due to an intent to eliminate it from the purview of the act. *Livermore* v. *Freeholders*, 29 *N. J. L.* 245.

A rule equally cogent, since the days of Lord Hale, is that of *"noscitur a sociis,"* which construes the specific language employed with reference to its subject associates, so that when a subject-matter of distinctive characteristics is specifically mentioned, to the exclusion of another species of equally well-defined characteristics, in the absence of some

general provision sufficiently comprehensive to include it, the latter class will not be included in the generic designation. *Hay* v. *Coventry*, 3 *T. R.* 83; *Corning* v. *McCulloch*, 1 *N. Y.* 47.

For these reasons we have concluded that the petition is defective; that the rule granted must be vacated and the execution issued thereunder be set aside, with costs.