SUSANNAH B. TRAPP, APPELLANT, v. MILDRED J. BROWN, RESPONDENT.

Argued March 4, 1919—Decided June 20, 1919.

An order for execution which provides that the garnishee shall pay over to the officer to whom the writ is delivered the full amount of the money coming to his hands for the use of the debtor is not in accordance with the provisions of *Pamph. L.* 1916, *p.* 242, which provides for a payment to the sheriff, or other officer, of a certain percentage of earnings or income, and will be set aside.

On appeal from the Supreme Court, whose opinion is reported in 91 *N. J. L.* 481.

For the appellant, *Martin V. Bergen.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The appellant, Trapp, recovered a judgment in the Supreme Court against the respondent, and issued execution thereon. The sheriff returned the execution unsatisfied. She then filed a petition for a special execution to be issued under the act of March 16th, 1916. *Pamph. L., p.* 242. That statute provides as follows:

"Hereafter when a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied and where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to the judgment debtor, or shall thereafter become due and owing to him to the amount of eighteen dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered * * * without notice to the judgment debtor and upon satisfactory proofs of such facts by affidavits or otherwise, the court, * * * or, if a court of record, judge or justice thereof, must grant an order

directing that an execution issue against the wages, debts, earnings, salary, income from trust funds, or profits of such judgment debtor and on presentation of such execution by the officers to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages, debts, earnings, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein, which shall not exceed ten per centum unless the income of said debtor shall exceed the sum of one thousand dollars per annum, in which case the judge may order a larger percentage, and said levy shall become a continuing levy until said execution and the expenses are fully satisfied and paid, or until modified as hereinafter provided," &c.

The petition sets out the recovery of the judgment, the return of the execution unsatisfied, and then states that the respondent is the owner of a hotel property in Atlantic City which is leased to one Andrew Romm at an annual rental of $4,250, that a certain part of the rents have been collected by the agents of the respondent, and that certain other parts thereof which were past due have not yet been paid by the tenant. This petition was verified by the affidavit of appellant's attorney which restated the facts recited in that petition, and wound up with the declaration that "deponent further says that the facts set forth in the foregoing petition are true."

Upon the presentation of this petition, and the attached affidavits to a justice of the Supreme Court, the following order was made, viz.: "That an execution issue out of this court against the debts and rent now due or hereafter to become due on the Romm Hotel, Atlantic City, New Jersey, to the judgment debtor, Mildred J. Brown, by the tenant, David Romm, to the full amount thereof until the amount of said judgment with the costs to be taxed are paid; and also against the rents, if any, due by Charles R. Meyers and

George W. Mueller [Mrs. Brown's agents in the collection of the rent] to the full amount thereof until the amount of said judgment, with costs, to be taxed are paid." Upon application to set aside this order thereafter made to the Supreme Court by the attorney of Mrs. Brown, upon due notice, that tribunal reached the conclusion that the order under review should be vacated, first, because the affidavit of plaintiff's attorney was not *legal proof* of the facts upon which the application for the special execution were based; and, further, because rents issuing out of real estate were not such debts or profits as were within the purview of the act of 1916.

We do not find it necessary to consider these matters so interestingly discussed by the Supreme Court in its opinion in the cause, for the reason that, even if we had reached a conclusion upon them contrary to the views of that court, we should, nevertheless, feel compelled to affirm its judicial action.

The statute is in derogation of the common law rights of the debtor. It takes from him, without notice, and without a hearing, property which, except for the statute, is exempt from execution. It is, therefore, necessary for the creditor and the court in attempting to enforce the right given by the statute to follow its provisions strictly. A reading of its provisions makes it plain that the legislative purpose was not only to subject the wages, debts, earnings, &c., of the judgment debtor to the lien of the special execution, but to provide for the payment to the sheriff at specified times of a certain percentage of such wages, debts, earnings, &c., until the execution is satisfied; the installments thus payable not to exceed ten per cent. in amount, unless the income of the debtor should exceed the sum of $1,000 per annum, in which case a larger percentage is to be paid provided the court or judge shall so direct. The order under review entirely disregards this important right of the judgment debtor to retain for his own use and benefit all of the wages, earnings, salary, &c., which shall come to him from time to time, except a percentage thereof to be fixed by the court or judge, and paid from time to time upon the execution. On the contrary, the

order, as we construe it, requires the tenant, Romm, to pay to the sheriff the full amount of the rents accrued and accruing to Mrs. Brown until the judgment against her is satisfied; and the same is true with relation to the rents collected or to be collected by her agents.

For the reason which we have expressed the judgment of the Supreme Court will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Bergen, Kalisch, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 10.

*For reversal*—None.