HUDSON COUNTY CIRCUIT COURT.

HOMER W. DEAKMAN AND T. RICHMOND WELLS, PART-
NERS TRADING AS DEAKMAN-WELLS COMPANY,
PLAINTIFFS, v. THE ODD FELLOWS HALL ASSOCIA-
TION OF NEW JERSEY, A CORPORATION OF NEW
JERSEY, DEFENDANT.

Decided September 13, 1932.

For the plaintiffs, *Autenrieth, Gannon & Wortendyke.*

For the defendant, *Melosh, Morton & Melosh.*

For the intervening petitioner, The National Commercial
Title and Mortgage Guaranty Company, *Lindabury, Steel-
man, Zink & Lafferty.*

BROWN, C. C. J. The intervening petitioner, the National
Commercial Title and Mortgage Guaranty Company, obtained
a rule directed to the plaintiffs to show cause why the levies
made under a judgment obtained by the plaintiffs against
the defendant should not be set aside and a receivership
arising out of the litigation between the plaintiffs and de-
fendant discharged. To properly determine the questions
presented it is necessary to make a brief reference to the
stipulation of facts to which the parties have agreed. Ac-
cording to this stipulation it appears that on the 29th day
of June, 1927, the defendant Odd Fellows Hall Association,
mortgaged to the intervening petitioner, the National Com-
mercial Title and Mortgage Guaranty Company, the lands
and premises which are situate in Jersey City, to secure the

sum of $375,000 payable according to the terms of the mortgage on the 29th day of June, 1931, which mortgage was accompanied by a bond. The bond contained this provision:

"(1) In case of any default in the performance of any of the covenants of this bond persisted in thirty days after notice in writing from said obligee to said obligor, said obligee may enter upon and take possession of said mortgaged premises, collect the rentals, let the said premises or any part thereof, in its own name or otherwise and receive the rents, issues and profits from said mortgaged premises and apply the same, after the payment of all necessary charges and expenses, on account of the amount hereby secured and interest thereon, and said rents and profits in the event of such default as aforesaid, are hereby assigned to said obligee."

The mortgage given to secure the bond contained the following provision:

"And it is expressly understood and agreed by and between the mortgagor and mortgagee herein that the said covenants and conditions in said bond contained are hereby made a part of this mortgage as if specifically stated herein." * * * "That in the event of any default in any covenants in said bond contained, said mortgagee may enter, take possession of the mortgaged premises and collect the rentals therefrom, which said rentals are in the event of any such default hereby assigned to the mortgagee." * * * "That all covenants herein and in said bond shall bind the heirs, executors, administrators, successors and assigns, of the parties hereto."

On January 3d, 1932, the plaintiff obtained a judgment against the defendant in this court in the sum of $4,378.53. The judgment was not paid and on the 17th day of February, 1932, a writ of execution was issued which directed the sheriff to satisfy from the goods and chattels of the defendant association, the judgment obtained by the plaintiff, and if sufficient goods and chattels of the defendant could not be found that the residue, as the case may be, of the moneys that might be due on the judgment "should be made of the lands, tenements, hereditaments and real estate of the defendant, whereof the defendant was seized on the 8th day of January,

1932." On the 24th day of February, 1932, the sheriff of Hudson county made a levy under the execution and according to a written inventory and description purports to be made upon the "rights and credits of the defendant." The levy is made "subject to all prior legal encumbrances" and recites that it was effected upon the title and interest of the defendant association "in following rents to become due for office space in the Odd Fellows Building." The levy recites a number of tenants who have been served and that the rents became due on the first day of March, 1932. On April 4th, 1932, the sheriff made a second levy and according to the description the levy was effected on moneys in the hands of a receiver in Chancery. The agreed stipulation of facts recites that all the rents levied upon or purported to have been levied upon became due from the tenants on the first day of March, 1932. On the 25th day of March, 1932, on application of the plaintiff, the court appointed a receiver of the rights, credits, moneys and effects of the Odd Fellows Association, which order was entered without notice to the National Commercial Title and Mortgage Guaranty Company. On the 30th day of March, 1932, the receiver so appointed collected $661.50 from three of the tenants in the defendant association's property for rent which accrued on the first day of March, 1932. On the 27th day of February, 1932, an agreement was entered into between the National Commercial Title and Mortgage Guaranty Company and the Odd Fellows Hall Association which agreement recited the defaults in the payment of interest of the defendant's mortgage as well as amortization payments the first of which became due in March, 1930. The agreement was to the further effect that the mortgagor recognized the defaults in the payment of principal and interest as well as taxes, but desired more fully to secure the mortgagee and therefore entered into the agreement whereby the mortgagor transferred and delivered to the mortgagee possession of the premises covered by the mortgage, and assigned, transferred and set over to the mortgagee all the rents or income due or to become due from the tenants and occupants of the premises, and authorized the mort-

gagee, or in its own name, to collect the rents and income from the property. The agreement further permitted the mortgagee to rent the premises if it desired and provided that the agreement was not in anywise to bar or postpone the right of the mortgagee to take any proceedings which shall in its opinion be desirable or necessary for the collection of moneys due or to become due in accordance with the terms of its bond and mortgage. On the first day of March, 1932, the title company served the tenants of the premises with notice that the mortgagor had failed to pay the interest, taxes and amortization payments provided in the mortgage; that the mortgagee had taken possession and made demand on all of the tenants to pay to it, the mortgagee, the rents due on that date. On the 23d day of March, 1932, on application of the National Commercial Title and Mortgage Guaranty Company as complainant in a foreclosure suit of the mortgage in question, which bill was filed on the 2d day of March, 1932, a receiver was appointed by the Court of Chancery to manage the mortgaged property as well as collect and receive the rents, issues and profits thereof that may become due after the date of the appointment of the receiver. Upon the appointment of the Chancery receiver the rents collected from the tenants by the receiver out of this court was left in *custodia legis*. On December 30th, 1931; January 13th, 1932, and January 20th, 1932, the title company notified the Odd Fellows Association of the latter's default in the amortization payments provided in the mortgage to be paid by the Odd Fellows Hall Association in the sum of $2,812.50, due on March 29th, 1930, and subsequent payments in like amount quarterly thereafter and of interest due on December 29th, 1931, in the sum of $5,498.43. The National Commercial Title and Mortgage Guaranty Company contends that the rents are the property of and the legal title is vested in the title company prior to the issuance of the writ of execution. The intervening petitioner further contends that the purported levy of February 24th, 1932, under the plaintiffs' writ of execution did not effect rents to accrue in the future and that such rents could

only be levied upon by the sale of the realty. Considering first the levy made as of April 4th, 1932, this levy will be vacated and set aside for the reason that the rents attempted to be levied on was at the time the levy was made in the possession of the receiver appointed in the Court of Chancery in the foreclosure suit under date of March 23d, 1932, and in any event were not vested in the defendant as its property. As to the remaining issues a determination of the legal right of the title company to the rents accruing from the Odd Fellows property on March 1st, 1932, will dispose of all other questions that have been raised by the intervening petitioner as well as all other parties. If the title company has a right to those rents prior to that of the execution creditor it is not necessary to determine the regularity of the proceeding under which the levy was made. When the levy was made on the 24th day of February, 1932, there was no accrued rent due. The rent did not become due until March 1st, 1932. On that date the title company took possession of the premises and was under the terms of its mortgage entitled to the rent. *Paramount Building and Loan Assn.* v. *Sacks et al.,* 107 *N. J. Eq.* 328; *Stanton* v. *Metropolitan L. Co.,* 107 *Id.* 345. Another reason that militates against the effectiveness of the levy of February 24th, 1932, is the fact that it purports to levy on rent not yet accrued. The right to an unaccrued rent is a species of incorporeal hereditament and is to be classed as real as distinguished from personal property. Until separated from the reversion it constitutes a part of the land and passes as an incident to a transfer of the reversion. 36 *C. J.* 288, ¶ 1048; *Den* v. *Craig,* 15 *N. J. L.* 191; *Brown* v. *Brown,* 33 *N. J. Eq.* 650. To effectively take possession of those rents under the writ of execution, even by virtue of the provision of *Pamph. L.* 1915, *p.* 182, would require a sale of rights in real estate which should be made in the manner provided by law for sales of land. The act of 1915, chapter 115, page 182, is in derogation of the common law and should be strictly complied with. This rule was enunciated in the case of *Trapp* v. *Brown,* 91 *N. J. L.* 481; 104 *Atl.*

*Rep.* 302; *affirmed,* 93 *N. J. L.* 171; 107 *Atl. Rep.* 413, where a statute similar in some respects was construed.

When a receiver was appointed out of this court the interest of the National Commercial Title and Mortgage Guaranty Company to the rents was not disclosed. It now appears that the rents in the hands of the receiver appointed out of this court belong to the title company. An order may be entered directing said receiver to pay to the title and mortgage company the rents collected by him and that the levy made on February 24th, 1932, under the writ of execution out of this court be vacated in so far as it affects those rents.

The rules to show cause heretofore granted to the plaintiffs and defendant and all restraints therein will be discharged as the questions presented are fully determined by a consideration of the rule to show cause granted to the National Commercial Title and Mortgage Guaranty Company.